UNITED STATES of America, Appellee,

v.

Thomas Patrick BUFFINGTON, Appellant.

No. 78–1046.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1978.

Decided June 26, 1978.

Howard L. Lyden, Omaha, Neb., argued and on brief, for appellant.

Michael L. Schleich, Asst. U. S. Atty., Omaha, Neb. (argued), and Edward G. Warin, U. S. Atty., Omaha, Neb., on brief, for appellee.

Before GIBSON, Chief Judge, LAY, Circuit Judge, and VAN PELT, Senior District Judge.*

PER CURIAM.

Thomas Patrick Buffington appeals from his convictions on four counts of violating 18 U.S.C. § 2314[1] and one count of violating 18 U.S.C. § 371.[2] The District Court[3] sentenced Buffington to four years imprisonment on each count, to be served concurrently with each other but consecutively to a three-year sentence imposed for a similar but separate offense by the United States District Court for the District of South Dakota. After hearing oral argument and carefully reviewing the briefs and the record, we affirm the convictions.

The offenses were committed when Buffington and a group of confederates devised and carried out a scheme to acquire and sell large quantities of electronics equipment without paying for them. The plan involved obtaining a book of blank envelope sight drafts from a Missouri bank. Merchandise was then ordered from manufacturers or distributors in Ohio, Texas and California. The defendant's group then presented a sight draft, obtained the merchandise, and sold it to a retail fence in Omaha, Nebraska. The sight drafts were

not paid when presented because Buffington and his cohorts had made no arrangements for payment. The evidence was overwhelming that Buffington had never intended to provide payment, though he and his confederates had sold the goods to a fence, John Sutton, also a co-defendant in this proceeding, for approximately one-half of their wholesale value.

Buffington first contends that the District Court erred in denying his motion for a bill of particulars. The granting of a bill of particulars is within the sound discretion of the trial court. *United States v. Long*, 449 F.2d 288, 295 (8th Cir. 1971), *cert. denied*, 405 U.S. 974, 92 S.Ct. 1206, 31 L.Ed.2d 247 (1972). *See* Fed.R.Crim.P. 7(f). In the present case, Buffington's motion was several pages long and sought a mass of evidentiary detail. We have examined the motion for a bill of particulars and the indictment. It is clear that the indictment was sufficient to inform the defendant of the charge and to permit him to plead his conviction as a bar to another prosecution.[4] The District Court did not abuse its discretion in denying the motion.

The sufficiency of the indictment is also a basis for Buffington's contention that the District Court erred in denying his motion to dismiss. The standard for judging the sufficiency of an indictment is whether it

first, contains the elements of the offense charged and fairly informs a defendant

---

* The Honorable Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation.

1. 18 U.S.C. § 2314 provides in part:
   Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud * * * Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2. 18 U.S.C. § 371 provides in part:
   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any

purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

3. The Honorable Albert G. Schatz, United States District Judge, District of Nebraska.

4. The indictment adequately sets forth the following facts: (a) the exact number and nature of the goods shipped; (b) the date of the shipment; (c) the city where the shipment originated; (d) the point where the goods were shipped through; and finally (e) the city within the District of Nebraska where the shipment terminated.

of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Fleming*, 526 F.2d 191, 192 (8th Cir. 1975), *cert. dismissed*, 423 U.S. 1082, 96 S.Ct. 872, 47 L.Ed.2d 93 (1976).

The Federal Rules of Criminal Procedure state, in part:

The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.

Fed.R.Crim.P. 7(c). Applying these standards to the present case, we are convinced that the indictment of Buffington was sufficient.

 It is also contended that the prosecution should have been dismissed because of an alleged violation of the Speedy Trial Act of 1974[5] and the sixth amendment. Buffington argues that the Speedy Trial Act was violated in that the superseding indictment did not meet the time strictures of 18 U.S.C. § 3161(b). In addition, the arraignment on the superseding indictment occurred on April 26, 1977. This was more than ten days after it was made public but was less than ten days after Buffington was arrested on the new indictment. On these facts, it is urged that 18 U.S.C. § 3161(c) was violated. No violation of the Speedy Trial Act occurred, as Buffington was arraigned within ten days after his arrest on these charges. Buffington was being held under a sentence imposed in the District of South Dakota at the time of the Nebraska prosecution. Moreover, the dismissal sanction of 18 U.S.C. § 3162 will not be effective until after July 1, 1979. *See* 18 U.S.C. § 3163(c).

We have also considered Buffington's right to a prompt disposition of criminal charges under the sixth amendment. *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), holds that if there is a denial of a speedy trial, then dismissal is the appropriate remedy. We have considered the factors enunciated in *Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). It is clear that in the present case the minor delays noted by Buffington have not prejudiced his rights and do not amount to a sixth amendment violation.

The final contentions of Buffington are that the District Court erred in denying his motion for acquittal and motion for Judgment N.O.V. The evidence of guilt was overwhelming. Buffington's active participation in this patently fraudulent scheme demonstrated a clear intent to steal and take these goods by fraud, then transport these stolen goods in interstate commerce. These contentions are frivolous.

Buffington's argument also suggests that he doubts that his scheme of obtaining property is prohibited by 18 U.S.C. § 2314. We reject that suggestion. Although sight drafts have limited intrinsic value, the fact remains that Buffington's group obtained the property fraudulently by means of false representations that payment would be forthcoming. The property, of a value many times over $5,000, was transported in interstate commerce.

The convictions are affirmed.