UNITED STATES of America, Appellee,

v.

Algie Leonard OLSEN, Appellant.

No. 78–1673.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1978.

Decided Dec. 15, 1978.

Rehearing and Rehearing En Banc
Denied Jan. 9, 1979.

Certiorari Denied Feb. 21, 1979.
See 99 S.Ct. 1237.

Roger C. Lott, Lincoln, Neb., for appellant.

Edward G. Warin, U. S. Atty., and Richard J. Nolan, Asst. U. S. Atty., Lincoln, Neb., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Algie Leonard Olsen appeals from his conviction of fraud by wire and aiding and abetting fraud by wire, in violation of 18 U.S.C. §§ 1343 and 2. We affirm.

Olsen first contends that since more than sixty days elapsed between the time when a mistrial was declared in his first trial and the time when his second trial, which resulted in conviction, commenced, he was not accorded a speedy trial as required by 18 U.S.C. § 3161(e). He therefore contends that, under 18 U.S.C. § 3162, the indictment against him should have been dismissed.

Olsen's first trial began on May 25, 1978 and continued through May 31, 1978. At that time, the jury informed the court that it could not reach a verdict. An order of mistrial was entered by the court on June 5, 1978. Retrial of Olson did not commence until August 31, 1978, more than sixty days after the order of mistrial had been entered in the first trial.

**352**

Assuming, as Olsen contends, that the sanctions set forth in 18 U.S.C. § 3162 for failure to comply with the various time limitations of the Speedy Trial Act apply to the delay in retrial which is present here,[1] no dismissal of the indictment was required. Section 3163(c) of the Act states that the sanctions set forth in § 3162 "shall become effective after the date of expiration of the fourth twelve-calendar-month period following July 1, 1975." Thus, the dismissal sanctions of § 3162 will not be effective until after July 1, 1979. *United States v. Buffington,* 578 F.2d 213, 215 (8th Cir. 1978), and the dismissal of the indictment against Olsen was not required.

Olsen next contends that the trial court erred in admitting the testimony of Robert Kemerling. The wire fraud with which Olsen and four others were charged involved a scheme to defraud farmers and livestock feeders of money in connection with the sale of livestock to persons in Nebraska and elsewhere. Robert Kemerling, a government witness, testified that during a period approximately one or two years prior to the alleged overt acts by Olsen, Kemerling delivered cattle for Olsen and for a codefendant, Lavoy Orner. He testified that Olsen was often present when the cattle were sorted at the stockyards, and that Orner would give him "light" and "heavy" weight tickets for the same load of cattle to give to Olsen, presumably to enable Olsen to mislabel underweight cattle for sale to others. Kemerling also testified that Olsen instructed him to misrepresent the point of origin of cattle, also, presumably, to falsely enhance their value. Olson contends that since these alleged acts by Olsen took place prior to the overt acts in furtherance of the scheme to defraud charged in the indictment, they were evidence of other crimes, wrongs or acts which should have been excluded under Fed.R.Evid. 404(b).

Under Fed.R.Evid. 404(b), other crimes, wrongs or acts by the defendant which are otherwise inadmissible may nonetheless be admissible if admitted for the purpose of showing motive, intent, preparation, plan or knowledge on the part of the defendant. Olsen's defense was apparently that he was unaware of any scheme to defraud buyers, and that if he made any misrepresentations about the cattle that he sold, he made them unknowingly since he was only passing along descriptive information to buyers which was given to him by others, including Orner. Although admission of this evidence should perhaps have been deferred until after Olsen had testified as to his purported lack of knowledge, *see United States v. Jardan,* 552 F.2d 216, 219 (8th Cir.), *cert. denied,* 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977), Olsen concedes that his counsel's opening statement raised lack of knowledge as his defense. Under the circumstances of this case, and the nature of the other evidence against Olsen, we cannot say that the timing of the admission of this evidence constituted such an abuse of the trial court's discretion that reversal is warranted. *See id.* at 219.

Olsen also contends that the trial court erred in refusing to immediately furnish a transcript of his testimony to the jury upon their request,[2] and that the three-year sentence imposed upon him by the District Court was excessive. We have reviewed these contentions and find them to be without merit.

Affirmed.

---

1. Sanctions for violation of § 3161(b), delay between arrest and the filing of an indictment or information, and for violation of § 3161(c), delay in the arraignment or trial of the accused, are set forth in § 3162. No specific sanction for violation of § 3161(e), delay in retrial, is set forth in § 3162 or elsewhere in the Act.

2. After retiring to deliberate, the trial court was informed by the jury's foreman at 6:20 P.M. that it wished to review a transcript of Olsen's testimony. The court responded to the request by advising the jury that a transcript of the testimony could not be made available until morning. Later that evening, the jury returned their verdict, convicting Olsen on three counts and acquitting him on one.