972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hosam Mohammed ZAKARIA, Defendant-Appellant.
 No. 91-5704.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1992
Decided: July 28, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-91-181-A)
 ARGUED: R. Kenneth Mundy, Mundy, Holt & Mance, Washington, D.C., for Appellant.
 Michele Annette Horn, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 ON BRIEF: Richard Cullen, United States Attorney, Charles J. Williams, Office of The United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before HALL and WILLIAMS, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Hosam Mohammed Zakaria was convicted of conspiracy to distribute cocaine and distribution of cocaine. He was sentenced to life imprisonment without possibility of parole. He appeals his convictions and life sentence. We affirm.
 
 I.
 
 2
 Zakaria was the General Sales Manager of Fairfax Honda in Fairfax, Virginia. In March 1991, he approached Leslie Gunter, an employee of Fairfax Honda, and asked him to sell five kilograms of cocaine. Gunter made several telephone calls to try to find a buyer. He eventually came into contact with Rudy Goddard, an undercover Drug Enforcement Agent employed by the Metropolitan Police Department in Washington, D.C., who expressed an interest in purchasing cocaine. Gunter, acting as middleman for Zakaria, on two occasions delivered cocaine to Goddard, gave the purchase money to Zakaria and was each time rewarded in the amount of $2,000 for his services.
 
 
 3
 Subsequently, Goddard showed up unannounced at Fairfax Honda, and Gunter introduced him to Zakaria. Goddard told Zakaria that he would like to deal directly with him rather than dealing through Gunter. Zakaria gave Goddard his telephone number and told him that he could supply two kilograms of cocaine a day. When Goddard was about to leave, Gunter approached and asked Goddard if he still intended to purchase a kilogram that day. Goddard had not brought any money, so he asked Gunter if he could "front" the cocaine. Gunter went into the dealership office to get permission and returned with Zakaria. Zakaria agreed to front the cocaine, which, upon his instruction, Gunter retrieved from the trunk of a car.
 
 
 4
 A few days later, Goddard met with Zakaria to pay for the "fronted" cocaine. Upon receiving the $26,000 payment, Zakaria insisted that Goddard keep $1,000 and told Goddard to deal directly with him in the future. Zakaria was then arrested by Drug Enforcement Administration agents.
 
 
 5
 Zakaria was indicted on one count of conspiracy to distribute five kilograms of cocaine, in violation of 21 U.S.C.s 846, and three counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). He was convicted following a jury trial on all four counts. Zakaria had two prior cocaine convictions and was sentenced, pursuant to 21 U.S.C.A. § 841(b) (West Supp. 1992), to life imprisonment without possibility of parole on the conspiracy conviction, five years on two distribution counts, and ten years on the third distribution count. All terms are to be served concurrently.
 
 II.
 
 6
 Zakaria argues that evidence of his two prior drug convictions should not have been admitted during the government's case-in-chief. The evidence came in when Gunter testified that Zakaria told him he needed Gunter's help to sell cocaine because he (Zakaria) had two prior cocaine convictions.[1] Zakaria maintains that this evidence should not have been admitted until after he presented his case, because the trial court would have then been in a better position to balance the probative value of the evidence against the prejudicial value.
 
 
 7
 Under Rule 404(b) of the Federal Rules of Evidence, evidence of other crimes, wrongs, or acts may not be admitted to prove a person's character to show that he acted in conformity therewith, but such evidence may be admitted to show motive, intent, preparation, plan or knowledge. Even though evidence may be admissible under Rule 404(b), the trial court must still perform a Rule 403 balancing test to determine whether and when such evidence can be admitted without causing unfair prejudice. Determining whether and when to admit evidence of other crimes is within the sound discretion of the trial court.
 
 
 8
 United States v. Olsen, 589 F.2d 351 (8th Cir. 1978), cert. denied, 440 U.S. 917 (1979).
 
 
 9
 In this case, the evidence was probative of Zakaria's plan to avoid exposing himself by using Gunter as a "front" man to sell and deliver his cocaine to customers. Accordingly, evidence of his prior cocaine convictions was properly admitted during Gunter's testimony pursuant to Rule 404(b). Additionally, the court offered to give a limiting instruction upon request. Under these circumstances, we see no abuse of discretion.[2]
 
 III.
 
 10
 Zakaria argues also that evidence of his prior convictions was inadmissible because the convictions were too remote in time to be probative. One of his prior convictions was in 1983; another was in 1985. Zakaria's argument is without merit.
 
 
 11
 The trial court has broad discretion in determining the admissibility of evidence under Fed. R. Evid. 404(b), United States v. Brugman, 655 F.2d 540, 545 (4th Cir. 1981), and there is no rule that states how many years will render a prior conviction stale for purposes of Rule 404(b) admissibility. United States v. Engleman, 648 F.2d 473, 479 (8th Cir. 1981). The court must apply a reasonableness standard based on a consideration of all the circumstances. Id. Indeed, cases cited by Zakaria admitted evidence of convictions older than his. E.g., id. (thirteen-year old conviction admitted under Fed. R. Evid. 404(b)); United States v. Rubio-Gonzalez, 674 F.2d 1067 (5th Cir. 1982) (tenyear old conviction admitted under Fed. R. Evid. 404(b)). Zakaria's earliest conviction was only eight years old at the time of his trial.
 
 
 12
 Moreover, the similarity of the prior crimes made the recency of the prior convictions less important. See United States v. Billups, 522 F. Supp. 935, 955 (E.D. Va. 1981), aff'd, 692 F.2d 320 (4th Cir. 1982) ("[R]emoteness is less important where similarities are striking."). Zakaria's prior convictions involved cocaine dealing; therefore, although evidence of the convictions tended to increase the prejudice, it also tended to prove that he was not naive about cocaine trafficking and, consequently, was not a victim of mistake.
 
 
 13
 Finally, remoteness may be less important in this case because the evidence was introduced to show that Zakaria solicited Gunter's help in order to avoid his own exposure to increased sentencing because of his record of prior felony convictions.[3]
 
 AFFIRMED
 
 
 [1]
 Gunter testified for the government pursuant to a plea agreement
 
 
 [2]
 Zakaria's reliance on dicta in United States v. Benedetto, 571 F.2d 1246, 1249 (2d Cir. 1978), is unpersuasive. Indeed, even in Benedetto, which was affirmed by the Second Circuit, the trial court admitted evidence of other crimes during the government's case-in-chief
 
 
 [3]
 Zakaria also raises a sufficiency of the evidence argument in regards to the existence of a conspiracy, and he challenges the application of the statutory enhancement penalties mandated by 21 U.S.C.s 841(b). These arguments are without merit. Finally, Zakaria challenges his life sentence as a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. This argument too is without merit. See Harmelin v. Michigan, 111 S. Ct. 2680 (1991)