Milton POWELL, Appellant,

v.

The STATE of Texas.

No. 1244–00.

Court of Criminal Appeals of Texas.

Nov. 28, 2001.

John H. Seale, Jasper, for appellant.

Jeffrey L. Van Horn, First Assist. St. Att., Austin, Sue Korioth, Special Prosecutor, Dallas, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., WOMACK, KEASLER, HOLCOMB, and COCHRAN J.J., joined.

A jury convicted appellant of indecency with a child and sentenced him to fifteen years confinement. The Court of Appeals reversed appellant's conviction after deciding that the trial court abused its discretion to admit extraneous offense evidence. We reverse the judgment of the Court of Appeals.

During its case-in-chief, the prosecution presented evidence from the young female complainant that appellant sexually molested her on numerous occasions in appellant's living room while appellant's daughters and others slept there. Before the prosecution presented its case-in-chief, appellant in his opening statement had claimed, among other things, that he could not have molested the complainant because of the presence of others in the living room.[1]

This defensive theory was also presented during appellant's cross-examination of the complainant.

Q. And yet, even though you knew it was safe to go in the bedrooms, you kept right on going out there and sleeping on the sofa; didn't you?

A. Yes, because I thought it wouldn't happen again.

Q. Okay. And you have previously testified, I believe, that you went over

---

1. Appellant, among other things, stated:

    Ladies and gentlemen of the jury, including the alternates, the things for you to decide in this case is going to be whether or not the story that you hear unfolding here is reasonable, or is utterly unreasonable. You are going to hear a story that this little girl claims that over a period, according to the indictment you just heard, from September '92 until November of '95, for three years and two months, that she went over to the Powells' house at least once a week. And throughout all of these times that Mr. Powell was molesting her. And that she kept going back, and going back, and going back, and going back. You're going to hear that she says she was never alone with Mr. Powell. That at least two of his daughters were always around, always in the same room when this was alleged to have happened, and frequently there were more little girls around. And that this happened in a living room. And you'll hear about the size of that living room. And when the other people were right there within a matter of a couple of feet away. And, so, the thing for you to decide would be whether would be whether or not this father, number one, would commit these things over, and over, and over. And, number two, that he would commit them in front of his very own daughters, over, and over, and over. And whether or not it is reasonable that this girl, rather than saying, I don't want to go over there anymore, or rather than saying I don't want to go into the living room, I want to go in here in the bedroom where I know he'll never come, instead of that she kept right on going, and back, and back, and back. Now, that is going to be the thing that will be the predominate things for you to decide.

there, really, very, very, often, and spent the night over there; is that right?

A. Correct.

Q. You were never at anytime alone with [appellant], were you?

A. No.

Q. Anytime that you and [appellant] were in the same room, at least two other girls would be in there also; isn't that true?

A. One, or two of them.

The prosecution contravened this during its case-in-chief with the testimony of four witnesses who testified that appellant molested them under circumstances almost identical to those of the charged offense.

During appellant's case, over a dozen girls testified that they spent nights at appellant's home without appellant molesting them or anyone else. The prosecution countered this with the testimony of two more witnesses who testified similarly to the other four prosecution witnesses who testified during the prosecution's presentation of evidence.

Appellant claimed in one of his points of error on direct appeal that the trial court abused its discretion by allowing the testimony of all six prosecution rebuttal witnesses because this evidence was admitted solely for the character conformity purpose of showing that appellant is a child molester. *See* Tex.R.Crim.Evid. 404(a) (making this relevant evidence inadmissible when offered solely for this character conformity purpose).[2] The Court of Appeals agreed and decided that "bombarding the jury with multiple witnesses testifying to dozens of independent extraneous offenses was offered to demonstrate Appellant's bad character and that, in committing the offense against [the complain-

ant], he was acting in conformity with this character defect as portrayed by the six witnesses." *Powell v. State,* No. 12–98–00049, slip op. at 5–8, —— S.W.3d ——, ——————, 2000 WL 760988 (Tex.App.—Tyler, delivered May 31, 2000) (op. on reh'g) (not yet reported).

We exercised our discretionary authority to review this decision. Specifically, we granted a ground for review from the State Prosecuting Attorney's discretionary review petition and three grounds for review from the Sabine County District Attorney's discretionary review petition. Respectively, those grounds of review are as follows: 1) Did the trial court err in admitting the testimony of the witness to extraneous offenses committed by the defendant; 2) Whether a trial court, when analyzing admissibility of evidence under Tex.R. Evid. 404(b), is required to determine the actual motive of the state in offering the evidence and thereby assess its admissibility, or whether the trial court should objectively assess the purpose and effect of the evidence to prove some matter other than character and then determine under Tex.R. Evid. 403 whether its permissible purpose is outweighed by its impermissible effect; 3) Whether the court of appeals, in mistaken reliance upon *Perry v. State,* 933 S.W.2d 249 (Tex.App.—Corpus Christi 1996, pet. ref'd), has misconstrued Tex.Code Crim. Proc. Article 36.01 to mean that a defendant's theory of defense cannot be raised or placed before the jury through his opening statement; 4) Whether the court of appeals has misconstrued Tex.Code Crim. Proc. Article 36.01 to mean that a defendant's theory of defense cannot be raised, so as to permit admission of responsive evidence, prior to the defendant's case in chief.

March 1, 1998.

---

**2.** This identical rule is now codified in Tex. R.Evid. 404(a) which became effective on

█ Relevant evidence of a person's bad character is generally not admissible for the purpose of showing that he acted in conformity therewith. *See Montgomery v. State*, 810 S.W.2d 372, 386–88 (Tex.Cr.App. 1990) (op. on reh'g); *accord Rankin v. State*, 974 S.W.2d 707, 709–10 (Tex.Cr.App. 1996) (orig.op.), and at 717–20 (op. on reh'g). This evidence may, however, be admissible when it is relevant to a non-character conformity fact of consequence in the case, such as rebutting a defensive theory. *See Montgomery*, 810 S.W.2d at 387–88.

> On the other hand, the proponent of the evidence may persuade the trial court that the 'other crime, wrong, or act' has relevance apart from character conformity; that it tends to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary fact, such as motive, opportunity or preparation, leading inferentially to an elemental fact; or that it rebuts a defensive theory by showing, e.g., absence of mistake or accident.

*Montgomery*, 810 S.W.2d at 387–88.

█ Because trial courts are in the best position to make the call on these substantive admissibility questions, an appellate court must review a trial court's admissibility decision under an abuse of discretion standard. *See Montgomery*, 810 S.W.2d at 391 (trial court "has the best vantage from which to decide" admissibility questions). This standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *See id.* An appellate court would misapply the appellate abuse of discretion standard of review by reversing a trial court's admissibility decision solely because the appellate court disagreed with it. *See id.*

█ Based on these principles, the trial court could have reasonably decided that the extraneous offense evidence at issue had noncharacter conformity relevance where it rebutted appellant's defensive theory that he had no opportunity to commit the offense because he was never alone with the complainant. It is at least subject to reasonable disagreement whether the extraneous offense evidence made this defensive theory less probable since this evidence shows that appellant molested other girls in the presence of others. *See Montgomery*, 810 S.W.2d at 387 ("other crimes, wrongs, or acts evidence" has noncharacter conformity relevance where it logically serves to make less probable defensive evidence that undermines an elemental fact).

The Court of Appeals nevertheless concluded that the extraneous offense evidence was not admissible to rebut appellant's lack of opportunity defensive theory. *See Powell*, slip op. at 7–8, at ———–———. The Court of Appeals decided that under *Perry v. State* appellant's opening statement did not "open the door" to this evidence and that under Article 36.01(a)(7)[3]

---

**3.** Tex.Code Crim. Proc. Art. 36.01. Order of proceeding in trial

  (a) A jury being impaneled in any criminal action, except as provided by Subsection (b) of this article, the cause shall proceed in the following order:

  1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

  2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated.

  3. The State's attorney shall state to the jury the nature of the accusation and the facts

the prosecution "could not introduce rebuttal testimony during its case-in-chief." *See Powell,* slip op. at 7–8, at —— – ——, citing *Perry v. State,* 933 S.W.2d 249, 254 (Tex.App.—Corpus Christi 1996, pet. ref'd) and Article 36.01(a)(7), V.A.C.C.P., (permitting introduction of "rebutting testimony" after the defense puts on its case).

This ignores that the lack of opportunity defensive theory also was put forth during appellant's cross-examination of the complainant. Moreover, *Perry* did not decide that an opening statement cannot open the door to the admission of extraneous offense evidence. *Perry* merely decided that the particular opening statement there did not open the door to the admission of extraneous offense evidence. *See Perry,* 933 S.W.2d at 254 (in possession of cocaine prosecution defendant's opening statement that he neither owned nor had exclusive access to car in which cocaine was found did not open door to admission of defendant's prior conviction for possession of cocaine). Nothing in *Montgomery* indicates that its admissibility analysis is inapplicable if a defensive theory is raised in a defendant's opening statement.

The Court of Appeals' reliance on Article 36.01(a)(7) is also misplaced. Article 36.01 generally governs the order of the proceedings at trial and does not address admissibility of evidence issues.

The Court of Appeals found that during final jury arguments the prosecution urged the jury to use the extraneous offense evidence for its improper character conformity purpose. *See Powell,* slip op. at 6, at ——. The Court of Appeals concluded

from this "that the [prosecution's] purpose of the extensive extraneous offense testimony was to show Appellant's bad character as a child molester generally." *See id.*

■■■ The relevant inquiry, however, is whether the evidence was admissible for its noncharacter conformity purpose under *Montgomery* and *Rankin.* While evidence of other crimes, wrongs or acts may have a tendency to show character conformity, it may also be admissible for another purpose, such as rebuttal of a defensive theory, as in this case, i.e. "it has relevance *apart from* " proof of character conformity. *See Montgomery,* 810 S.W.2d at 387. Here, the trial court's limiting instruction clearly shows that the trial court admitted the evidence for its noncharacter conformity purpose. *See* Tex.R.Crim.Evid. 105(a) (providing for limiting instruction when evidence is admissible for one purpose but not admissible for another).

Judge Johnson's concurring opinion asserts that because an opening statement is not evidence, it is never within a trial court's discretion to admit extraneous offense evidence to rebut a defensive theory raised in an opening statement. *See Powell,* slip op. at 2, at —— (Johnson, J., concurring) ("[b]ecause an opening statement is not evidence [footnote omitted], it should not open the door to admission of extraneous offenses"). We disagree. *See, e.g., United States v. Bari,* 750 F.2d 1169, 1180 (2nd Cir.1984), cert. denied, 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985) (within trial court's discretion to admit extraneous offense evidence to rebut defen-

---

which are expected to be proved by the State in support thereof.

4. The testimony on the part of the State shall be offered.

5. The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel.

6. The testimony on the part of the defendant shall be offered.

7. Rebutting testimony may be offered on the part of each party.

8. In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07.

sive theory raised in defendant's opening statement); *United States v. Price*, 617 F.2d 455, 459–60 (7th Cir.1979) (extraneous offense evidence admissible in part to rebut defensive theory raised in opening statement); *United States v. Olsen*, 589 F.2d 351, 352 (8th Cir.1978), cert. denied, 440 U.S. 917, 99 S.Ct. 1237, 59 L.Ed.2d 468 (1979) (same).

We hold that the Court of Appeals erroneously decided that the trial court abused its discretion to admit the extraneous offense evidence. The judgment of the Court of Appeals is reversed and the case is remanded there for further analysis under Rule 403 of the Texas Rules of Evidence.

PRICE, J., filed a concurring opinion.

JOHNSON, J., filed a concurring opinion.

MEYERS, J., concurred in the result.

PRICE, J., filed a concurring opinion.

The majority claims that "Nothing in *Montgomery* indicates that its admissibility analysis is inapplicable if a defensive theory is raised in a defendant's opening statement." *Ante*, at 439. That may be true,[1] but that decision is not necessary to the disposition of this case today.

The majority states that the appellant's defensive theory was presented during cross-examination of the complainant. *Ante*, at 436. The majority concludes that this presentation of the defensive theory permitted the State to introduce evidence of specific acts of uncharged misconduct

refuting that theory during its case-in-chief, despite a general prohibition on such evidence under Rule of Evidence Rule 404. I agree with that conclusion.

Having so concluded, the majority need not decide whether an opening statement would permit the same refutation of the appellant's defensive theory. The majority does not claim that in the absence of the appellant's opening statement the State could not have introduced evidence to refute the appellant's defensive theory. Therefore, discussion of the opening statement is *obiter dictum* and unnecessary to the disposition of the case.

I join the Court's judgment but not its opinion.

JOHNSON, J., filed a concurring opinion.

I agree that appellant's defensive theory was raised during appellant's cross-examination of the complainant and, therefore, concur in the result reached by the majority. I write separately to address the issue regarding opening statements. The majority claims that *Perry v. State*, 933 S.W.2d 249 (Tex.App.—Corpus Christi 1996, pet. ref'd) did not decide that an opening statement cannot open the door to the admission of extraneous offense evidence and that nothing in *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App. 1990), indicates that its admissibility analysis is inapplicable if a defensive theory is raised in a defendant's opening statement.

Because an opening statement is not evidence,[1] it should not open the door to

---

1. The majority relies on *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App.1990) (op. on reh'g), to support its conclusion that the defendant opened the door to allow the State to present evidence to rebut a defensive theory. In *Montgomery*, we addressed the admission of evidence of uncharged misconduct in the form of statements made by Montgomery's

wife. *Id.* at 394–97. The question, whether opening statements are evidence, was not raised in that case. But the majority applies *Montgomery* to this case without analysis. That is quite a leap.

1. *See e.g. Bigby v. State*, 892 S.W.2d 864, 886 (Tex.Crim.App.1994)("We do not believe the jury could have been mislead into believing

admission of extraneous offenses.[2] Clearly, there are no grounds for admitting rebuttal evidence prior to the introduction of the evidence to be rebutted, much less before the introduction of any evidence at all. *See generally, Borjan v. State*, 787 S.W.2d 53 (Tex.Crim.App.1990); *Everett v. State*, 707 S.W.2d 638 (Tex.Crim.App. 1986). A defendant who sets forth a defensive theory in an opening statement is not bound by that theory.[3] His defensive theory may change in response to testimony in the state's case-in-chief, and then evidence in support of the original theory will not be offered. Juries are prohibited from considering information not admitted into evidence. *See Hunt v. State*, 603 S.W.2d 865 (Tex.Crim.App.1980). If the state has been permitted to introduce evidence on the basis of appellant's opening statement, the state has been allowed to "rebut" evidence which is not before the jury and therefore cannot be considered, much less rebutted.

For this reason, I join the Court's judgment, but not its opinion.

that those opening statements were actually evidence."); *Lillard v. State*, 994 S.W.2d 747, 752 n. 7 (Tex.App.—Eastland 1999)("The opening statement is not evidence; therefore, a hearsay objection is not applicable."); *Brokenberry v. State*, 853 S.W.2d 145, 151 (Tex. App.—Houston [14th Dist.] 1993)("The opening statement is not evidence, as such."); *U.S. v. Mitchell*, 166 F.3d 748, 753 (5th Cir. 1999)("The court correctly instructed the jury that the arguments of attorneys were not to be considered as evidence ..."); BLACK'S LAW DICTIONARY 1243 (4th ed. 1968)("Opening Statement of Counsel—Outline of anticipated proof. Its purpose is to advise the jury of facts relied upon and of issues involved, and to give the jury a general picture of the facts and the situations so that jury will be able to understand the evidence.") (citations omitted).

2. The majority cites three cases in support of its proposition that it is within a trial court's discretion to admit extraneous offense evidence to rebut a defensive theory raised in an opening statement. However, all of the cases are at least 15 years old. While they are not "hoary precedent," the lack of recent cases may indicate that the federal courts have retreated from that concept. Also, none of the cited cases are from the Court of Appeals for the Fifth Circuit, making them only persuasive authority. Further, only *United States v.*

*Bari*, 750 F.2d 1169, 1180 (2nd Cir.1984), actually holds that a trial court has the discretion to admit extraneous offense evidence based solely on an opening statement, but it cites no authority for that holding. The fact pattern in *United States v. Price*, 617 F.2d 455 (7th Cir.1979) is very similar to the instant case; defense counsel made reference to a defensive theory in his opening statement, but opened the door to rebuttal evidence through cross-examination. In *United States v. Olsen*, 589 F.2d 351 (8th Cir.1978), Olson testified about the defense raised in counsel's opening argument, and the court held simply that the admission of evidence in an improper order (rebuttal before presentation of defense) did not constitute such an abuse of the trial court's discretion that a reversal was warranted. "Under the circumstances *of this case,* and the nature of the other evidence against Olson, we cannot say that the timing of the admission of this evidence constituted such an abuse of the trial court's discretion that reversal is warranted." Id. at 352 (Emphasis added.)

3. Of course, the state can, and will, emphasize to the jury at closing the inconsistencies between what appellant said at opening and what was presented as evidence.