COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-302-CR

 

 

LEONARD SINGER                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Leonard Singer appeals his conviction
for evading arrest.  We affirm.








Fort Worth Police Officer Robert E. Stewart
stopped appellant for running two stop signs at the I-35/Lancaster Street
underpass.  As he radioed dispatch to
check appellant=s license, he learned that
appellant had an outstanding arrest warrant. 
While on the radio in his patrol car, Officer Stewart noticed that
appellant seemed to be reaching beneath his car=s front
seat and was otherwise moving in a way that caused the officer concern for his
safety.  He called for back-up.  Within minutes, Officer Kwang Nam arrived,
and as the two officers approached appellant=s car,
appellant sped away, leading police on a chase through downtown and ultimately crashing
in the front yard of a house near Highway 121.

A grand jury indicted appellant for evading
arrest/detention enhanced by prior felony convictions, and after a jury trial,
appellant was convicted and sentenced to thirteen years=
confinement with a ten-thousand-dollar fine.

In his sole point on appeal, appellant claims
that the trial court abused its discretion by admitting evidence that he had an
outstanding warrant at the time of the stop.

We review a trial court=s
evidentiary rulings for an abuse of discretion.[2]  Accordingly, we will uphold a trial court=s
decision as long it is within the zone of reasonable disagreement and is
correct under any theory of the law applicable to the case.[3]








Appellant contends that evidence of the warrant
should have been excluded under Rule 404(b), which provides that:

Evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in
conformity therewith.  It may, however,
be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident . . .
.[4]


In addition to its listing as a permissible  use for evidence of other wrongs or acts,
generally, evidence of motive is always relevant and admissible to prove that a
defendant committed the offense alleged.[5]  Moreover, motive evidence can lead
inferentially to intent.[6]








Appellant was tried for evading arrest or
detention.  A person commits that offense
when he intentionally flees from a person he knows is a peace officer
attempting to lawfully arrest or detain him.[7]  Thus, in this case, intent is an element of
the offense for which appellant was tried. 
Given evidence of the outstanding warrant, the jury could reasonably
infer that appellant acted intentionally and that because of the warrant, he
had a motive to flee the officers in order to avoid arrest.[8]  We hold, therefore, that the trial court did
not abuse its discretion in admitting evidence of appellant=s
outstanding warrant.  Appellant=s sole
point on appeal is overruled, and the trial court=s
judgment is affirmed.

 

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON
and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  September 24, 2009











[1]See Tex. R. App. P. 47.4.





[2]Winegarner v. State, 235 S.W.3d 787, 790
(Tex. Crim. App. 2007).





[3]Id.





[4]Tex. R. Evid. 404(b).





[5]Crane v. State, 786 S.W.2d 338, 349B50 (Tex. Crim. App.
1990).





[6]See Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001); Montgomery v. State, 810 S.W.2d 372, 387B88 (Tex. Crim. App. 1991)
(op. on reh=g).





[7]Tex. Penal Code Ann. ' 38.04 (Vernon 2003).





[8]See Black v. State, No. 12-05-00130-CR,
2006 WL 2465636, at *3B4 (Tex. App.CTyler Aug. 25, 2006, no
pet.) (mem. op., not designated for publication).