

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-302-CR

LEONARD SINGER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Leonard Singer appeals his conviction for evading arrest.  We affirm.

Fort Worth Police Officer Robert E. Stewart stopped appellant for running two stop signs at the I-35/Lancaster Street underpass.  As he radioed dispatch to check appellant's license, he learned that appellant had an outstanding arrest

------------

[1] *See* Tex. R. App. P. 47.4.

warrant. While on the radio in his patrol car, Officer Stewart noticed that appellant seemed to be reaching beneath his car's front seat and was otherwise moving in a way that caused the officer concern for his safety. He called for back-up. Within minutes, Officer Kwang Nam arrived, and as the two officers approached appellant's car, appellant sped away, leading police on a chase through downtown and ultimately crashing in the front yard of a house near Highway 121.

A grand jury indicted appellant for evading arrest/detention enhanced by prior felony convictions, and after a jury trial, appellant was convicted and sentenced to thirteen years' confinement with a ten-thousand-dollar fine.

In his sole point on appeal, appellant claims that the trial court abused its discretion by admitting evidence that he had an outstanding warrant at the time of the stop.

We review a trial court's evidentiary rulings for an abuse of discretion.[2] Accordingly, we will uphold a trial court's decision as long it is within the zone of reasonable disagreement and is correct under any theory of the law applicable to the case.[3]

---

[2]... *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

[3]... *Id.*

2

Appellant contends that evidence of the warrant should have been excluded under Rule 404(b), which provides that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .[4]

In addition to its listing as a permissible use for evidence of other wrongs or acts, generally, evidence of motive is always relevant and admissible to prove that a defendant committed the offense alleged.[5] Moreover, motive evidence can lead inferentially to intent.[6]

Appellant was tried for evading arrest or detention. A person commits that offense when he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him.[7] Thus, in this case, intent is an element of the offense for which appellant was tried. Given evidence of the outstanding warrant, the jury could reasonably infer that appellant acted intentionally and that because of the warrant, he had a motive to flee the

---

[4]... Tex. R. Evid. 404(b).

[5]... *Crane v. State*, 786 S.W.2d 338, 349–50 (Tex. Crim. App. 1990).

[6]... *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex. Crim. App. 1991) (op. on reh'g).

[7]... Tex. Penal Code Ann. § 38.04 (Vernon 2003).

officers in order to avoid arrest.[8] We hold, therefore, that the trial court did not abuse its discretion in admitting evidence of appellant's outstanding warrant. Appellant's sole point on appeal is overruled, and the trial court's judgment is affirmed.

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 24, 2009

---

[8] _See Black v. State_, No. 12-05-00130-CR, 2006 WL 2465636, at *3–4 (Tex. App.—Tyler Aug. 25, 2006, no pet.) (mem. op., not designated for publication).