**Opinion filed May 13, 2010**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-08-00264-CR, 11-08-00265-CR, & 11-08-00266-CR

_____

## GARRY LON BROWNLEE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause Nos. CCCR-07-03016, CCCR-07-03017, & CCCR-07-03018**

## M E M O R A N D U M   O P I N I O N

Garry Lon Brownlee was charged with aggravated sexual assault of a child in three separate indictments. Each indictment contained three enhancement allegations; however, the State waived two of them. Appellant pleaded not guilty and proceeded to a jury trial. The jury returned a guilty verdict and found the enhancement allegation true. The trial court sentenced appellant to life in prison. We affirm.

At the time of the offense, appellant lived with his wife Errin Brownlee and her children, A.S. and B.S., in De Leon. A.S., the victim in this case, was age five at the time of the offense. Randy Scheller is the father of B.S. and has been the father figure for A.S. since she was born. A.S. had regular visitation with Randy Scheller at the Marble Falls home of his mother Mary Scheller. During one of those regular visits, A.S. made an outcry to Mary Scheller of sexual abuse by appellant. Mary made a report to the Marble Falls police. A.S. was taken to the Hill Country Children's Advocacy Center where a videotaped forensic interview was conducted. A.S. was examined by a sexual assault nurse examiner. The examination revealed no signs of physical trauma. The case was then transferred to the De Leon Police Department because that is where A.S. stated the abuse took place.

*Issues on Appeal*

Appellant asserts that the trial court erred in allowing witnesses for the State to testify about appellant's prior bad acts in violation of the motion in limine and TEX. R. EVID. 404(b). Appellant also asserts that the trial court erred in not allowing him to question two witnesses outside the presence of the jury to demonstrate that a witness knowingly violated the motion in limine.

*Admissibility of the Evidence*

We review a trial court's decision on admissibility of evidence under an abuse of discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We will uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.*

Generally, evidence of a person's character is not admissible for the purpose of proving action in conformity therewith. TEX. R. EVID. 404. However, evidence of other crimes, wrongs, or acts may be admissible, with notice, for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Rule 404(b). Evidence of other crimes, wrongs, or acts is admissible if it has relevance apart from its tendency to prove the character of a person in order to show that he acted in conformity therewith. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991). Extraneous offense evidence may be admissible for purposes other than those listed in Rule 404(b). For example, such evidence may also be admissible for the purpose of rebutting a defensive theory such as fabrication. *Bass v.*

*State*, 270 S.W.3d 557 (Tex. Crim. App. 2008); *Powell*, 63 S.W.3d at 439.  However, if the trial court determines the evidence has no relevance apart from character conformity, then the evidence is absolutely inadmissible, and the trial court has no discretion to admit it.  *Powell*, 63 S.W.3d at 439.

Appellant complains of two instances in which evidence of his prior bad acts was admitted before the jury.  The first instance was during the cross-examination of Officer Dustin Ray Paulsen.  Officer Paulsen was a De Leon police officer and was involved in the investigation of the case.  On direct examination by the State, Officer Paulsen testified that appellant lived at 641 West Manchaca in De Leon in 2007.  Officer Paulsen testified that appellant had lived there approximately three or four months and, based on his investigation, that that is where the sexual assault occurred.  On cross-examination, appellant's counsel sought additional information from Officer Paulsen regarding the address where appellant was living when the assault occurred.  The dialogue is as follows:

> Q. Now, you testified that [appellant] had been living at the address on Manchaca for three to four months.
>
> A. Yes, sir.
>
> Q. How do you know that?
>
> A. When he came in to register as a sex offender I was given that address.

Defense counsel asked to approach the bench and stated that the officer was in violation of the motion in limine to not mention any prior convictions and that his question did not require him to answer the way he did.  The trial court disagreed and stated that the officer simply answered the question asked.  Appellant moved for a mistrial, and the trial court denied it.  Counsel did not request an instruction to disregard.  The trial court later admonished the State against questioning another witness regarding appellant's status as a registered sex offender.

Appellant contends that Officer Paulsen willfully violated the motion in limine in answering defense counsel's question. Appellant argues that, because other evidence indicated that appellant was not registered at the address Officer Paulsen testified but rather at a different address, Officer Paulsen intentionally violated the motion in limine.  Appellant contends that Officer Paulsen's intent was to maliciously get inadmissible extraneous offense evidence before the jury and that the trial court erred in failing to grant a mistrial.

3

We disagree. Mistrials are an extreme remedy for prejudicial events occurring during the trial process. *Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). Even when a prosecutor intentionally elicits testimony or produces other evidence before the jury that is excludable at the defendant's option, our law prefers that the trial continue. *Id.* A witness's reference to an extraneous offense only necessitates a mistrial where that reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *Rojas v. State,* 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). There is no evidence that Officer Paulsen's reference to appellant being a registered sex offender was calculated to inflame the minds of the jury. Officer Paulsen answered the question posed by defense counsel directly and without further elaboration.[1] Even if Officer Paulsen was incorrect about the dates that appellant had registered the address, this evidence does not show that he answered with the intent to inflame the minds of the jury. Appellant's specific address was not material because the State only alleged that the offense occurred in Comanche County. The trial court did not err in denying appellant's motion for mistrial.

The next instance that appellant argues impermissible evidence of his prior bad acts was admitted was during the defense's case-in-chief. Errin Brownlee, on direct examination by defense counsel, testified that she was a victim of sexual assault as a child. She further testified that she would not allow her daughter to have "contact with someone [she] thought was capable of doing that stuff." On cross-examination, the State asked if she knew that appellant was a registered sex offender. Appellant moved for a mistrial. The State argued that he had opened the door. The trial court denied the motion for mistrial.

The reference to appellant's status as a registered sex offender was not improper. When a witness presents a picture that the defendant is not the type of person to commit the charged offense, the State may impeach that witness's testimony with evidence of similar extraneous offenses. *Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002). In this case, Errin's testimony that she would not let her daughter around someone who was capable of committing

---

[1]*Compare Alexander v. State*, No. 06-06-00169-CR, 2007 WL 2262895, *5 (Tex. App.—Texarkana Aug. 9, 2007, pet. ref'd) (mem. op., not designated for publication) (The officer elaborated on a yes or no question stating that he had "dealt with Mr. Alexander for years, bought dope from him from McReynolds Street on different occasions as well as other locations." The trial court held that, while the officer's unsolicited statement was troublesome, it was brief and isolated and, therefore, did not appear to be clearly calculated to inflame the minds of the jury.).

sexual assault opened the door to impeach her testimony with her knowledge that appellant was a registered sex offender. The trial court did not err in allowing that testimony.

Moreover, even if the trial court erred, appellant did not properly preserve error in either instance. To preserve error in criminal cases, the defendant must (1) object (2) and, if the objection is sustained, move for an instruction to disregard (3) and, if the instruction is given, then move for a mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). Appellant did not object or ask for an instruction to disregard. Instead, appellant immediately moved for a mistrial. Appellant's error was not properly preserved. We overrule appellant's first issue on appeal.

*Hearing Outside the Presence of the Jury*

Appellant argues that Officer Paulsen knowingly and willfully violated the motion in limine. Appellant attempted to offer evidence outside the presence of the jury showing Officer Paulsen's intent, but the trial court did not allow him to do so. Appellant then elected to present the testimony in front of the jury. Officer Paulsen again testified that he knew that appellant was living at 641 Manchaca for three or four months because that was the address given when he registered as a sex offender. The custodian of records for the De Leon Police Department testified that their records showed that appellant was not registered at the Manchaca address until August 2007 and that he was not living at that address three to four months prior to the offense.

The trial court did not err by not allowing appellant to offer this testimony outside the presence of the jury. Except for the determination of the admissibility of a confession, a defendant is entitled to a hearing outside the presence of the jury only when the interest of justice so requires. TEX. R. EVID. 104. The trial court reviewed the records relating to appellant's registration as a sex offender and knew that even with this evidence it would not grant a mistrial. As stated above, we do not find that Officer Paulsen's testimony was calculated to inflame the minds of the jury or that appellant was entitled to a mistrial. We also do not find that the interest of justice required the trial court to allow appellant to present this evidence again outside the presence of the jury. Appellant could have offered the evidence in a bill of exception. In fact, appellant presented a bill of exception on a different issue at the end of the trial. Appellant could have also filed a motion for new trial and offered the evidence. We overrule appellant's second issue on appeal.

5

*Conclusion*

We affirm the trial court's judgment.

RICK STRANGE

JUSTICE

May 13, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.