**Affirmed and Memorandum Opinion filed November 6, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00213-CR

---

**JAMES CHRISTIAN SHORES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 2 & Probate Court
Brazoria County, Texas
Trial Court Cause No. 228573**

---

## M E M O R A N D U M   O P I N I O N

Appellant James Christian Shores appeals his conviction for the offense of terroristic threat. In a single issue, appellant contends that the trial court reversibly erred by admitting the audiotape of a 911 call over appellant's objection that it was not properly authenticated.

Concluding that the audiotape was properly authenticated, we affirm.

## Background

Complainant Greta and another woman, Ruth, worked for MWS Management, an apartment management company.[1] MWS sued to evict appellant for nonpayment of rent; Ruth and Greta appeared at the eviction hearing on MWS's behalf. The trial court held against appellant, ordering him to vacate his residence. Following the proceeding, appellant briefly spoke with Greta in the courthouse parking lot. Appellant asked Greta if she would accept money for appellant's past-due rent, but Greta was not authorized to accept money.

After the interaction in the parking lot, Greta and Ruth drove away. Greta testified that appellant followed her, driving closely behind Greta's car. According to Greta, she turned into a McDonald's parking lot, "hoping that [appellant] would keep going." However, appellant also turned into the McDonald's parking lot. Greta testified that appellant pulled up behind her, got out of his vehicle, started yelling, and threatened to "kill her." Ruth, who was also in Greta's vehicle, testified that she was terrified and told Greta to "go, go, go." Greta drove away, but appellant followed them again. Ruth called 911. Ruth and Greta heeded the 911 operator's advice and drove to a nearby police station. At that point, appellant stopped following them.

The Brazoria County District Attorney charged appellant by information with the offense of terroristic threat.[2] The State alleged that appellant threatened to assault Greta with the intent to place Greta in fear of imminent serious bodily injury. Appellant pleaded not guilty, and the case proceeded to trial. During Ruth's testimony, the State moved to introduce the audiotape of the 911 call. The following

---

[1] We refer to the complainant and her colleague by pseudonyms.

[2] *See* Tex. Penal Code § 22.07(a).

exchange took place regarding admission of the 911 tape:

[Prosecutor]: On the 911 phone call did you describe events as they were occurring?

[Ruth]: Yes.

[Prosecutor]: Your Honor, may I approach the witness?

THE COURT: Yes, you may.

[Prosecutor]: Ma'am I'm showing you what has been marked as State's Exhibit 1. Now, without going into its contents, do you recognize this?

[Ruth]: Yes, I do.

[Prosecutor]: And what is this?

[Ruth]: That is the 911 call that I listened to this morning, and I signed my initials there.

[Prosecutor]: So, you have had an opportunity to listen to this recording before?

[Ruth]: Yes, just this morning.

[Defense Counsel]: Your Honor, I would like to take the witness on voir dire.

THE COURT: Not yet.

[Prosecutor]: And are these your initials on the disk?

[Ruth]: Yes, they are.

[Prosecutor]: And to your knowledge is this a fair and accurate depiction of the 911 call that you made on that day?

[Ruth]: Yes. Yes, it was.

[Prosecutor]: Your Honor, at this time permission to publish to the jury?

THE COURT: Well, you've got to offer -- offer it and tender.

[Prosecutor]: State offers State's Exhibit 1 after tendering to opposing counsel.

[Defense counsel]: I would like to take the witness on voir dire.

THE COURT: All right.

## Voir Dire Examination

[Defense counsel]: [Ruth], did you make this disk?

[Ruth]: No.

[Defense counsel]: Do you have any way of knowing whether it was a true and correct copy of what was said during your conversation?

[Ruth]: I remember that that is what was said. Is that what you're asking?

[Defense counsel]: Do you know whether or not this has been changed in any way, shape, form, or fashion?

[Ruth]: No, it hasn't been changed.

[Defense counsel]: How do you know it hasn't been changed?

[Ruth]: Because I made the call.

[Defense counsel]: You made the call, but you didn't make the recording. Is that correct?

[Ruth]: Correct.

[Defense counsel]: Your Honor, I would object to it being entered. There's been no predicate laid that this is an accurate recording of the 911 call or that it hasn't been changed.

THE COURT: I think that's exactly what she testified to under his direct, that it was a true and accurate recording. She doesn't have to be the one that recorded it. She listened to it and authenticated it as her conversation. So, that's overruled.

[Prosecutor]: Permission to publish to the jury, Your Honor?

THE COURT: Yes, sir. It's admitted.

The prosecutor then played the 911 audiotape for the jury. On it, Ruth speaks to a 911 operator, telling the operator that a man has been following their car, that they had stopped at McDonald's, that the man jumped out of his car, that Ruth heard the man say "kill her," and that he was "coming back" as Ruth and Glenda were driving away. Ruth then identifies appellant by name and explains the circumstances of the morning's eviction proceeding. The 911 operator instructs the two women to drive to the police station, where a police officer would meet them.

4

The jury found appellant guilty of the charged offense. The trial court sentenced appellant to 180 days in county jail but granted community supervision for one year, and imposed a $1,000 fine.

Appellant appeals his conviction.

## Analysis

In a single issue, appellant argues that the trial court abused its discretion by admitting the 911 audiotape, which substantially and injuriously influenced the jury's verdict.

### A. Standard of Review and Applicable Law

We review a trial court's evidentiary ruling for an abuse of discretion. *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Zavala v. State*, 401 S.W.3d 171, 176 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). We will not disturb the ruling if it is within the zone of reasonable disagreement. *See Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007); *Roderick v. State*, 494 S.W.3d 868, 874 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Instead, we will uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002); *Roderick*, 494 S.W.3d at 874.

Even if a trial court errs in admitting or excluding evidence, we will not overturn a judgment unless the error affected the appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Rene v. State*, 376 S.W.3d 302, 305 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). We will conclude that the erroneous admission of evidence did not affect an appellant's substantial rights—and thus does not require reversal—if, after examining the record as a whole, we have fair assurance that the

error did not influence the jury, or had but a slight effect upon the jury's verdict.  *See Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000).

Evidence is not relevant—and thus is not admissible—if it is not authentically what its proponent claims it to be.  *See Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); Tex. R. Evid. 104(a), 402.  Texas Rule of Evidence 901 governs the authentication requirement for the admissibility of evidence, including audiotapes.  *See* Tex. R. Evid. 901; *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  Rule 901 provides in pertinent part:

> **(a) In General.**  To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.
>
> **(b) Examples.**  The following are examples only—not a complete list—of evidence that satisfies the requirement:
>
>> (1) *Testimony of a Witness with Knowledge*.  Testimony that an item is what it is claimed to be. . . .
>>
>> (5) *Opinion About a Voice*.  An opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker.

Tex. R. Evid. 901(a), (b)(1), (b)(5).

## B.    Application

In his sole issue on appeal, appellant argues that the State failed to lay a proper predicate in authenticating the 911 audiotape and that the trial court therefore abused its discretion in admitting the tape over appellant's objection.

After reviewing the record, we conclude that Ruth's testimony satisfies the authentication requirement prescribed by Rule 901(a).  During trial, Ruth testified that: (1) she called 911, (2) she listened to the audio recording prior to trial, (3) the

audiotape was a fair and accurate recording of her conversation with the 911 operator, and (4) the recording had not been altered. Because Ruth made the 911 call, she was a witness with knowledge that the 911 call was what the State claimed it to be, *see* Tex. R. Evid. 901(b)(1), and was qualified to identify the voices on the tape as those of herself and the 911 operator, *see* Tex. R. Evid. 901(b)(5). Ruth's testimony is sufficient "to support a finding that the item is what the proponent claims it is," and the audiotape therefore was properly authenticated under Rule 901. Tex. R. Evid. 901(a); *see also Montemayor v. State*, No. 13-14-00173-CR, 2016 WL 4272384, at *6 (Tex. App.—Corpus Christi Aug. 11, 2016, pet. ref'd) (mem. op., not designated for publication) (trial court did not abuse its discretion in admitting audio recording of 911 call authenticated by witness who made the call).

We hold that the trial court did not abuse its discretion by admitting the audiotape of the 911 call upon Ruth's authentication. Because appellant has not shown that the trial court abused its discretion in overruling his objection to the 911 call, we need not engage in a harm analysis. *See Rodriguez-Veduzco v. State*, No. 14-15-01051-CR, 2017 WL 1274148, at *7 (Tex. App.—Houston [14th Dist.] Apr. 4, 2017, no pet.) (mem. op., not designated for publication).

## Conclusion

We overrule appellant's sole issue, and we affirm the trial court's judgment.


/s/ Kevin Jewell
    Justice

Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).