11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

John Floyd Mitchell

Appellant

Vs.                   No. 11-01-00294-CR B Appeal from Taylor County

State of Texas

Appellee

 

The jury convicted John Floyd Mitchell of the
offense of aggravated robbery.  The
trial court assessed his punishment at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of 15
years.  We affirm.

The offense in question occurred on the afternoon
of Saturday, February 12, 2000.  The
victim of the offense was an elderly woman who was attacked after returning to
her car from shopping at Drug Emporium. 
As the victim shut her car door, a female assailant attempted to enter
her car and steal her purse.   The
record reflects that Pamela Sonner was the female assailant who attacked the
victim.  A struggle between the victim
and Sonner ensued, resulting in the victim being injured.  The victim testified that the struggle ended
when a male sitting in a nearby vehicle instructed Sonner to get back in his
car, at which time they left the scene in what the victim observed to be a
light tan car.   The victim was only
able to see the back of the male=s
head.  








Sonner testified that she and appellant had
recently been expelled from a halfway house for  drug addiction.[1]  Sonner testified that she and appellant were
romantically involved at the time of the expulsion and that they had lived
together after the expulsion in an Abilene motel.  The record indicates that appellant had lost his job a few days
prior to the offense.  Sonner testified
that, earlier on the day in question, appellant told her that he was going to
get some money that day even if he had to hurt someone.   Sonner and appellant subsequently drove to
the parking lot of Drug Emporium in appellant=s
car.  Appellant parked his car next to
the elderly victim=s
car.  Sonner testified that it was
obvious to her that appellant was waiting for the victim to return to her car
from the store so that he could rob her. 
Sonner decided that she should be the one to steal the victim=s purse because she was
concerned that appellant would hurt the victim.  Sonner=s
version of the attack was identical to the victim=s
account.

Appellant testified in his own behalf.  He denied being present with Sonner at the
time the alleged offense occurred. 
Accordingly, the identity of Sonner=s
male accomplice was a disputed issue. 
Furthermore, the charge of the court required a showing that appellant:

[T]hen and there, acting with intent to promote the commission of
the offense, if any, aided or assisted Pamela Sonner to commit the offense, if
any, by his own actions and conduct during the commission of said offense.

 

The State sought to establish these evidentiary elements by
offering evidence of an attempted purse snatching which Sonner and appellant
committed the next day.[2]   The subsequent offense occurred on the same
parking lot during the afternoon of the next day against a female victim
returning from the store to her car.  The
only difference between the two incidents was that appellant physically
encountered the victim during the extraneous offense while Sonner remained in
the car.  

The State argued that the circumstances of the
extraneous offense were sufficiently similar to the charged offense to
establish appellant=s
identity as Sonner=s
accomplice as well as to show a common plan or scheme.  The trial court permitted the State to offer
evidence of the extraneous offense for the limited purpose of showing the
knowledge, preparation, or plan of appellant. 
The trial court further instructed the jury to consider the evidence of
the subsequent offense for these purposes only.   The State elicited testimony from Sonner, an investigating
police officer, and the victim of the extraneous offense regarding Sonner=s and appellant=s actions on the following
day.

Appellant presents two issues on appeal.  He alleges insufficient corroboration of
Sonner=s accomplice
testimony in violation of TEX. CODE CRIM. PRO. ANN. art. 38.14 (Vernon 1979) in
his first issue.  His second issue
attacks the admission of evidence regarding the subsequent offense under
TEX.R.EVID. 404(b).  We first address
appellant=s complaint
under Rule 404(b).  Rule 404(b) provides
in relevant part as follows: 








Evidence of other crimes, wrongs or acts is not admissible to
prove the character of a person in order to show action in conformity
therewith.  It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.

 

Thus, evidence of other crimes, wrongs, or
acts is not admissible to prove the character of a person in order to show that
he acted in conformity therewith.  See
Montgomery v. State, 810 S.W.2d 372, 386 (Tex.Cr.App.1991).  This evidence may, however, be admissible
when it is relevant to a non-character-conformity fact of consequence in the
case.   See Powell v. State, 63 S.W.3d
435, 438 (Tex.Cr.App.2001); Montgomery v. State, supra at 387.  As noted in Montgomery, evidence of
other crimes, wrongs, or acts has relevance apart from character conformity if
it: (1) tends to establish some elemental fact, such as identity or intent; (2)
tends to establish some evidentiary fact, such as motive, opportunity, or
preparation, leading inferentially to an elemental fact; or (3) rebuts a
defensive theory by showing, for example, absence of mistake or accident.  Montgomery v. State, supra at 387-88.  The Aother
purposes@ listed in
Rule 404(b) are neither mutually exclusive nor collectively exhaustive.  Montgomery v. State, supra at 388.  








An appellate court must review a trial court=s admissibility
determination under Rule 404(b) under an abuse of discretion standard.  Powell v. State, supra at 438.  This standard requires an appellate court to
uphold a trial court=s
decision to admit evidence when that decision is within the zone of reasonable
disagreement.  Powell v. State, supra at
438.  We, therefore, must determine if
the trial court abused its discretion by permitting evidence of the extraneous
offense for the purpose of showing the knowledge, preparation, or plan of
appellant.  We conclude that the trial
court did not  abuse its discretion in
this regard.  There were numerous
similarities in the specific characteristics of the two offenses, including:
(1) both offenses were committed at the same time of day; (2) the  offenses occurred in the same parking lot;
(3) only one day separated the commission of the offenses; (4) Sonner
accompanied appellant in appellant=s
car each time; and (5) the victims were older women.  These similarities are sufficient to justify a determination that
both offenses were appellant=s
handiwork and to show a common scheme or plan. 
See Lane v. State, 933 S.W.2d 504, 519 (Tex.Cr.App.1996).  The admission of the extraneous offense
addressed the relevant issue of appellant=s
knowledge and intent and his aid of Sonner=s
actions under the law of parties.  See
TEX. PENAL CODE ANN. '
7.02(a)(2) (Vernon 1994).  Morever, the
evidence of the extraneous offense corroborated Sonner=s accomplice testimony.  Evidence of extraneous offenses is
admissible to corroborate accomplice testimony.  See Lawton v. State, 913 S.W.2d 542, 553 (Tex.Cr.App.1995), cert.
den=d, 519
U.S. 826 (1996).  Appellant=s second issue is
overruled.

Under Article 38.14, a conviction cannot stand on
accomplice testimony unless it is corroborated by other evidence tending to
connect the defendant with the offense; the evidence is insufficient if it
merely proves the commission of the offense. 
See Cathey v. State, 992 S.W.2d 460, 462 (Tex.Cr.App.1999), cert. den=d, 528 U.S. 1082
(2000).  When considering accomplice
testimony in determining the sufficiency of the corroborating evidence, all of
the accomplice testimony is eliminated from consideration.  See McDuff v. State, 939 S.W.2d 607, 612
(Tex.Cr.App.), cert. den=d,
522 U.S. 844 (1997).  The remaining
evidence is then considered in the light most favorable to the jury=s verdict.  See Gill v. State, 873 S.W.2d 45, 48
(Tex.Cr.App.1994).  It is not necessary
that the corroborating evidence directly connect the defendant to the crime or
that it be sufficient by itself to establish guilt; it need only tend to
connect the defendant to the offense. 
See Cathey v. State, supra at 462. 
If the combined weight of the non-accomplice evidence tends to connect
the defendant to the offense, the requirement of Article 38.14 has been
fulfilled.  See Cathey v. State, supra
at 462. 

The non-accomplice testimony in this case
consisted of the victim=s
account of what transpired and the evidence of the extraneous offense elicited
from the victim of the extraneous offense and the police officer who
investigated the offenses.  As noted
above, the circumstances of the two offenses were quite similar.  The evidence of the extraneous offense
offered by the non-accomplices tended to connect appellant to the charged
offense.  Appellant=s first issue is
overruled.       The judgment of the trial court is affirmed.

 

July 11,
2002                                                                           W.
G. ARNOT, III

Do not publish.  See
TEX.R.APP.P. 47.3(b).                CHIEF
JUSTICE

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Sonner had previously been convicted for her actions
arising from the offense in question at the time of appellant=s trial.





     [2]Appellant pleaded guilty to the subsequent offense.