Opinion issued October 30, 2003








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00576-CR




JOSE CARLOS LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 876259




MEMORANDUM OPINION

           Appellant, Jose Carlos Lopez, was charged by indictment with possession with intent
to deliver at least 400 grams of cocaine. A jury found appellant guilty, and the trial court
assessed a sentence of 30 years’ confinement. Appellant filed a timely motion for new trial,
which was overruled by operation of law. On appeal, appellant contends that (1) the trial
court erred in failing to give the jury an application paragraph in the charge on the issues of
voluntary consent to search and illegally obtained evidence, (2) the trial court erred in
admitting appellant’s driving record into evidence when several extraneous offenses were
visible on the record, and (3) the trial court erred in admitting evidence of appellant’s failure
to appear on a trial date. We affirm.Background
           On May 2, 2001, two undercover narcotics officers informed Houston Police Officer
James Gratz of traffic violations committed by appellant and requested that appellant be
stopped. Officer Gratz stopped appellant for failure to signal and for failure to have a front
license plate on his car. Officer Gratz determined that appellant’s driver’s license was
suspended and, after reading appellant his Miranda rights, placed him into custody. The
undercover narcotics officers spoke to appellant and obtained his signature on a consent-to-search form. The consent authorized the search of appellant’s vehicle and his home at 310
Plymouth. Appellant did not dispute that he signed the form without coercion, but claimed
at trial that the police added the house to the consent form after he signed it. Officer Gratz,
the narcotics officers, and appellant then drove to 310 Plymouth. The officers entered the
residence using a key from appellant’s key ring. Upon entering, the officers saw marijuana,
cocaine, and various drug paraphernalia in the living room. More cocaine was found in the
kitchen, along with products used to make crack cocaine and a digital scale. Appellant’s
identification card and his previously expired driver’s license were both in close proximity
to the cocaine.
           Appellant’s motion to suppress was heard during the trial and appellant argued that
the search of 310 Plymouth was illegal. He testified that the consent form only included a
search of his car when he signed it and that the police officers must have added the residence
later. Appellant stated that he had not lived at 310 Plymouth for a month. Appellant also
elicited testimony from Robert Torres, a passenger in appellant’s car when it was stopped,
that appellant told the officers that they could not search the house and that the officers said
that the consent form was only for the car.
           Appellant requested a jury instruction on article 38.23 of the Texas Code of Criminal
Procedure regarding illegally obtained evidence. The instruction was placed in the jury
charge, along with definitions of consent and effective consent, but the court refused to add
an application paragraph applying the general law to the specifics of this case.
           The State entered appellant’s driving record into evidence at trial to prove that
appellant’s driver’s license was suspended at the time of the stop and to show that, according
to that record, appellant lived at 310 Plymouth. Appellant objected to the admission of the
document because it contained traffic offenses and a DWI conviction. The State refused
appellant’s offer to stipulate that 310 Plymouth was the address on the driving record. The
trial court ordered that the evidence of the DWI conviction be redacted and allowed the
document to be admitted as redacted. The court also instructed the jury to disregard any
traffic offenses except to the extent that they affected appellant’s credibility. With this
limiting instruction and the redaction of the DWI conviction, the driving record was
submitted to the jury.
           Appellant’s failure to appear at a previous trial setting and his arrest by United States
Customs was also entered into evidence, despite an objection from defense counsel. 
Appellant argues that the evidence of his failure to appear and subsequent detainment was
more prejudicial than probative and that it should have been suppressed by the trial court.Jury Charge
           In his first point of error, appellant contends that the trial court erred by failing to
include an application paragraph, instead allowing the jury charge to proceed with an abstract
statement of article 38.23. Article 38.23 requires the exclusion of evidence “obtained by an
officer or other person in violation of any provisions of the Constitution or law of the State
of Texas.” Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2003). 
           Appellant testified that he did not live at 310 Plymouth and that he had not lived there
for a month. He also stated that workers from Mexico had been living in the house since he
left and that he was currently living at 311 Plymouth. “It is a fundamental rule of law that
only the person whose primary legal right has been breached may seek redress for an injury.”
Fuller v. State, 829 S.W.2d 191, 201 (Tex. Crim. App. 1992). Further, “[a] person who is
aggrieved by an illegal search and seizure only through the introduction of damaging
evidence secured by a search of a third person’s premises or property has not had any of his
Fourth Amendment rights infringed.” Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App.
2000) (citing Rakas v. Illinois, 439 U.S. 128, 99 S. Ct. 421, 425 (1978)). Here, appellant
disclaimed any possessory interest in 310 Plymouth and the contents therein, so he had no
reasonable expectation of privacy in the residence and therefore had no standing to challenge
the legality of the search. Because appellant had no standing to contest the search, he had
no right to an article 38.23 instruction at all. The trial court did not err in refusing to give any
further instructions regarding article 38.23. We overrule appellant’s first point of error.Improperly Admitted Evidence
           In his second and third points of error, appellant asserts that the trial court erred when
it admitted appellant’s driving record and evidence that appellant failed to appear for a trial
setting. The admissibility of evidence is within the discretion of the trial court and will not
be reversed absent an abuse of discretion. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim.
App. 2001). 
Admission of Driving Record
           In his second point of error, appellant asserts that the trial court erred in admitting his
driving record into evidence. Appellant argues that his driving record contained extraneous
offenses and that the admission of his driving record into evidence was more prejudicial than
probative, was misleading to the jury, and caused him harm. 
           Rule 403 of the Texas Rules of Evidence states that relevant evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, misleading the jury, or by considerations of undue delay or needless
presentation of cumulative evidence. Tex. R. Evid. 403. When considering a Rule 403
objection, the trial court weighs the probative value of the evidence against the potential for
unfair prejudice. There is a presumption that relevant evidence is more probative than
prejudicial. Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). As long as the
trial court’s ruling was within the “zone of reasonable disagreement,” there is no abuse of
discretion and we will uphold the ruling. Santellan, 939 S.W.2d at 169. A Rule 403
balancing test by the trial court includes the following considerations: 
(1) The extent to which the extraneous evidence serves to make a fact of
consequence more or less probable;
(2) the potential the evidence has to impress the jury “in some irrational but
nevertheless indelible way”; 
(3) the time the proponent will need to develop the evidence; and 
(4) the force of the proponent’s need for this evidence to prove a fact of
consequence, and whether the proponent has other evidence that can be used
to establish the same fact. 

Goldberg v. State, 95 S.W.3d 345, 375, (Tex. App.—Houston [1st Dist.] 2002) (citing Wyatt
v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000)).
           The State asserts that it introduced the driving record into evidence to prove that the
license was suspended, which bore on appellant’s motion to suppress, and to prove that the
address listed on the license was 310 Plymouth. The case against the appellant was
circumstantial as the drugs were not found in his possession, so the driving record supported
the State’s case by linking the appellant to the address where the drugs were found and
lending credence to the testimony of the officers. Further, the extraneous offenses contained
in the record, namely numerous traffic misdemeanors, were unlikely to impress the jury “in
some irrational, but nevertheless indelible way.” See Wheeler v. State, 67 S.W.3d 879, 888
(Tex. Crim. App. 2002) (citing Lane v. State, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996)). 
The State required no additional time to present this evidence and the jury was not likely to
be confused by its presentation. The trial court did not abuse its discretion in admitting this
evidence. We overrule appellant’s second point of error.
 
Failure to Appear for Trial Setting
           In his third point of error, appellant asserts that the trial court erred in allowing the
State to present evidence of his failure to appear for a trial setting and his subsequent arrest
in Brownsville. Appellant contends that the probative value of the evidence was greatly
outweighed by the potential for unfair prejudice. Appellant testified that he failed to appear
at the court because he was mistaken about the court date and that he had just returned from
Mexico, where he had been searching for witnesses. 
           Evidence of flight or escape is admissible as a circumstance from which an inference
of guilt may be drawn. Bigby v. State, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994). Here,
the failure of the appellant to appear at his trial setting and his subsequent arrest in
Brownsville could indicate, as the State suggests, that appellant was fleeing his trial or, as
appellant would have us believe, that he was seeking to garner witnesses for a successful
defense. In either case, the evidence has some relevance to the case. Appellant has not
shown that the possible prejudicial effect of this information was great enough to outweigh
the probative value of the evidence to the jury. Therefore, we overrule appellant’s third point
of error. 
 

Conclusion
           We affirm the judgment of the trial court.
 
 

                                                                  Sam Nuchia
                                                                  Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).