OPINION HEADING PER CUR 







                     NO. 12-03-00153-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


LUTHER MICHAEL HARRIS, JR.,                §     APPEAL FROM THE 173RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            Appellant Luther Michael Harris, Jr. appeals his conviction for burglary of a habitation, for
which he was sentenced to 45 years in prison and fined $10,000.00. Appellant raises two issues on
appeal. We affirm.

Background
            Peggy Garrett (“Peggy”), a mother of ten adult children, is a widow who lives alone in rural
Henderson County. On October 23, 2002, she went to run some errands in Frankston. When she
arrived back at her home at approximately 3:00 p.m., she found a vehicle that she did not recognize
parked in her driveway. As she walked toward her home, Appellant exited the home carrying
Peggy’s jewelry, her clothes, and a box containing her silverware. Peggy spoke to Appellant who
began running to his car. Peggy immediately called 911 on her cell phone and reported the license
plate number of the car Appellant was driving. Appellant was subsequently charged by indictment
with burglary of a habitation. See Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003).
            At trial, Appellant did not contest the fact that he was the individual Peggy saw leaving her
home with her belongings. Instead, he introduced testimony relating to the element of intent. In his
defense, he called James Steel, Jr. (“Steel”) to testify. Steel testified that he had asked Appellant to
take him from Athens to his girlfriend’s house.


 Steel testified that while he and Appellant were
driving, he told Appellant that he needed to stop at his mother’s house. According to Steel, he
directed Appellant to Peggy’s house, but told Appellant that the house belonged to his mother. Steel
stated that he went into Peggy’s house, took the items that were stolen, and handed the items to
Appellant, who was standing outside one of the doors of the house. Steel further testified that as
Appellant was making his way back to his car, Peggy saw Appellant and spoke to him.
            Relying on this testimony, Appellant contended that he did not have the “intent to commit
a felony, theft, or an assault” required for burglary of a habitation. See Tex. Pen. Code 30.02(a)(1).
After Appellant rested his case, the State on rebuttal introduced penitentiary packets showing
Appellant had been convicted six times for burglary of a habitation and one time for felony theft. 
The State contended that it needed to introduce these convictions to show that Appellant had the
requisite intent to burglarize Peggy’s home. Appellant objected to the introduction of these
convictions, but the trial court overruled his objections and allowed the convictions to be introduced
into evidence. The jury found Appellant guilty of burglarizing Peggy’s home, sentenced him to
imprisonment for 45 years, and fined him $10,000.00. Appellant timely appealed. 

Evidence of Other Crimes to Show Intent
            In his first issue, Appellant contends that the trial court erred by allowing the State to
introduce evidence of his prior convictions. The State contends that the evidence of the six previous
burglaries of a habitation by Appellant along with his one felony theft was necessary in order to
establish Appellant’s intent to burglarize Peggy’s home. 
Relevance of Prior Convictions
            Texas Rule of Evidence 404(b) states that evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person to show action in conformity therewith. Tex. R. Evid. 
404(b); Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000). This evidence may, however, be
admissible when it is relevant to a noncharacter-conformity fact of consequence in the case, such as
intent or rebutting a defensive theory. See Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001). Thus, 
 
the proponent of the evidence may persuade the trial court that the “other crime, wrong, or act” has
relevance apart from character conformity; that it tends to establish some elemental fact, such as
identity or intent; that it tends to establish some evidentiary fact, such as motive, opportunity or
preparation, leading inferentially to an elemental fact; or that it rebuts a defensive theory by showing,
e.g., absence of mistake or accident.
 
Id. (citing Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1990)).
            Faced with an objection, the proponent of such evidence must satisfy the trial court that the
extraneous act has relevance apart from its tendency to prove character conformity. Feldman v.
State, 71 S.W.3d 738, 754 (Tex. Crim. App. 2002). “Other crimes, wrongs, or acts evidence” has
noncharacter-conformity relevance where it logically serves to make less probable defensive
evidence that undermines an elemental fact. Powell, 63 S.W.3d at 438 (citing Montgomery, 810
S.W.2d at 387).
            An appellate court must review a trial court’s admissibility decision under an abuse of
discretion standard. Powell, 63 S.W.3d at 438. As long as the trial court’s ruling was within the
“zone of reasonable disagreement,” there is no abuse of discretion and the trial court’s ruling will
be upheld. Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). 
            A person acts intentionally, or with intent, with respect to a result of his conduct when it is
his conscious objective or desire to cause the result. Tex. Pen. Code Ann. 6.03(a) (Vernon 2003).
Intent can be characterized as a contested issue for purposes of justifying the admission of extraneous
offense evidence to help prove intent if the required intent for the primary offense cannot be inferred
by the act itself or if the accused presents evidence to rebut the inference that the required intent
existed. Johnson v. State, 932 S.W.2d 296, 302 (Tex. App.–Austin 1996, pet. ref’d). Intent is most
clearly an issue when the defendant argues that the charged offense was unintentional or the result
of an accident. Id. (citing Keller v. State, 818 S.W.2d 425, 428-29 (Tex. App.–Houston [1st Dist.]
1991, pet. ref’d)). 
            The State introduced Appellant’s seven prior convictions under Texas Rule of Evidence
404(b) to show that Appellant was not inexperienced in the ways of home burglaries. The evidence
supports a conclusion that Appellant had to know something was amiss when a friend he was
supposedly taking to his girlfriend’s house asked him to haul off jewelry, silverware, and clothing
belonging to an older woman. The trial court determined that this evidence was probative and
allowed it to be admitted into evidence. See Feldman, 71 S.W.3d at 754. The trial court was careful
to instruct the jury, both at the time of its admission and in its jury charge, that it was to consider the
evidence of the other offenses only if it was helpful in determining Appellant’s intent in relation to
the burglary of Peggy’s home. We hold that the trial court did not abuse its discretion in admitting
this evidence of intent under Texas Rule of Evidence 404(b). 
Probative Value of Prior Convictions
            While the trial court may decide that the evidence is admissible under Rule 404(b), it may
nevertheless exclude that evidence if it determines that the probative value of the extraneous-act
evidence is substantially outweighed by unfair prejudice. Tex. R. Evid. 403; see also Feldman, 71
S.W.3d at 754. Here the trial court conducted this balancing test under Rule 403 when Appellant
objected to its introduction. In reviewing the trial court’s balancing-test determination, a reviewing
court is to reverse the trial court’s judgment “rarely and only after a clear abuse of discretion.” 
Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting Montgomery, 810 S.W.2d
at 389). The relevant criteria in determining whether the prejudice of an extraneous offense
outweighs its probative value include
 
              (1)         how compellingly the extraneous offense evidence serves to make a fact of
consequence more or less probable–a factor which is related to the strength of the
evidence presented by the proponent to show the defendant in fact committed the
extraneous offense;
 
              (2)         the potential the other offense evidence has to impress the jury “in some irrational
but nevertheless indelible way”;
 
              (3)         the time the proponent will need to develop the evidence, during which the jury will
be distracted from consideration of the indicted offense; [and]
 
              (4)         the force of the proponent’s need for this evidence to prove a fact of consequence,
i.e., does the proponent have other probative evidence available to him to help
establish this fact, and is this fact related to an issue in dispute.
 
Santellan, 939 S.W.2d at 169 (citing Montgomery, 810 S.W.2d at 389-90). 
            Applying the first of these four criteria to this case, the seven previous convictions are for
conduct that is virtually the same as the conduct Appellant was charged with here. It is evidence that
shows Appellant knew what he was doing when he carried off the jewelry, silverware, and an older
woman’s clothes from Peggy’s home. It also makes more probable that Appellant possessed the
requisite intent to commit burglary of a habitation when he carried these items away from Peggy’s
home. 
            As to the second criterion, Appellant argues that these offenses were remote in time
compared to the date he was at Peggy’s home (October 23, 2002). These earlier convictions were
in 1991 and 1993. However, a period of incarceration is relevant to the consideration of the
closeness in time of the extraneous offenses to the offense charged. Corley v. State, 987 S.W.2d
615, 620 (Tex. App.–Austin 1999, no pet.) (citing Stringer v. State, 845 S.W.2d 400, 402 (Tex.
App.–Houston [1st Dist.] 1992, pet. ref’d)). The evidence at trial established that Appellant was
incarcerated for most of the years between his convictions for these offenses and the burglary of
Peggy’s home. We further note that there is no per se rule as to when an extraneous offense is too
remote in time to be introduced into evidence. Corley, 987 S.W.2d at 620 (citing Templin v. State,
711 S.W.2d 30, 34 (Tex. Crim. App. 1986)). Therefore, the timing of Appellant’s previous
convictions was not likely to irrationally influence the jury. 
            Regarding the third criterion, the State spent about ten percent of the entire time during the
evidentiary portion of the trial developing its evidence regarding the Appellant’s convictions. This
amount of trial time would not distract the jury from considering the offense of burglarizing Peggy’s
home.
            The fourth criterion involves the State’s need to have this evidence admitted. This was
evidence used to rebut Appellant’s defensive theory that he did not have the requisite intent to
commit the charged offense. There was no other evidence to rebut the inference that Appellant did
not have intend “to commit a felony, theft, or an assault” when he entered Peggy’s home. 
            Our application of each of these four criteria weighs in favor of the State. Consequently, we
hold that the trial judge operated within the boundaries of his discretion in admitting this evidence
under Rule 404(b), and therefore we will not disturb his decision. See Feldman, 71 S.W.3d at 755. 
Appellant’s first issue is overruled. 

Motion for New Trial
            In his second issue, Appellant contends that the trial court erred in allowing his motion for
new trial to be overruled by operation of law. The State contends that Appellant did not establish
the existence of any evidence that was not already known to Appellant’s witness at the time of trial.
Therefore, the State argues that the motion for new trial was properly overruled. 
            The trial court has discretion to decide whether to grant a new trial based upon newly
discovered evidence, and its ruling will not be reversed absent an abuse of discretion. Keeter v.
State, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). In Appellant’s motion for new trial, he alleged that
Steel was prepared to testify that a woman named Allison Smith asked him to frame Appellant for
the burglary of Peggy’s home. The State contends that Steel would have known this fact at the time
he testified and therefore it is not newly discovered evidence. We agree. Therefore, the trial court
did not abuse its discretion in allowing Appellant’s motion for new trial to be overruled by operation
of law. Appellant’s second issue is overruled. 

Conclusion
            Having overruled both of Appellant’s issues, the judgment of the trial court is affirmed.
 

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered August 25, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.










(DO NOT PUBLISH)