Opinion filed May 13, 2010

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                 Nos. 11-08-00264-CR, 11-08-00265-CR, & 11-08-00266-CR

                                                    __________

 

                              GARRY
LON BROWNLEE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 220th District Court

 

                                                        Comanche
County, Texas

 

           Trial Court Cause Nos. CCCR-07-03016, CCCR-07-03017,
& CCCR-07-03018



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Garry Lon
Brownlee was charged with aggravated sexual assault of a child in three
separate indictments.  Each indictment contained three enhancement allegations;
however, the State waived two of them.  Appellant pleaded not guilty and
proceeded to a jury trial.  The jury returned a guilty verdict and found the
enhancement allegation true.  The trial court sentenced appellant to life in
prison.  We affirm.


Background
Facts

            At
the time of the offense, appellant lived with his wife Errin Brownlee and her
children, A.S. and B.S., in De Leon.  A.S., the victim in this case, was age
five at the time of the offense.  Randy Scheller is the father of B.S. and has
been the father figure for A.S. since she was born. A.S. had regular visitation
with Randy Scheller at the Marble Falls home of his mother Mary Scheller.  During
one of those regular visits, A.S. made an outcry to Mary Scheller of sexual
abuse by appellant.  Mary made a report to the Marble Falls police.  A.S. was
taken to the Hill Country Children’s Advocacy Center where a videotaped forensic
interview was conducted.  A.S. was examined by a sexual assault nurse
examiner.  The examination revealed no signs of physical trauma.  The case was
then transferred to the De Leon Police Department because that is where A.S.
stated the abuse took place.

Issues
on Appeal

            Appellant
asserts that the trial court erred in allowing witnesses for the State to testify
about appellant’s prior bad acts in violation of the motion in limine and Tex. R. Evid. 404(b).  Appellant also
asserts that the trial court erred in not allowing him to question two
witnesses outside the presence of the jury to demonstrate that a witness
knowingly violated the motion in limine.  

Admissibility
of the Evidence

We review a trial court’s
decision on admissibility of evidence under an abuse of discretion standard. Powell
v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).  We will uphold a
trial court’s admissibility decision when that decision is within the zone of
reasonable disagreement.  Id.  

Generally, evidence of a
person’s character is not admissible for the purpose of proving action in
conformity therewith.  Tex. R. Evid.
404.  However, evidence of other crimes, wrongs, or acts may be admissible, with
notice, for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake.  Rule 404(b). 
Evidence of other crimes, wrongs, or acts is admissible if it has relevance apart
from its tendency to prove the character of a person in order to show that he
acted in conformity therewith.   Montgomery v. State, 810 S.W.2d 372, 387
(Tex. Crim. App. 1991).  Extraneous offense evidence may be admissible for
purposes other than those listed in Rule 404(b).  For example, such evidence may
also be admissible for the purpose of rebutting a defensive theory such as
fabrication.  Bass v. State, 270 S.W.3d 557 (Tex. Crim. App. 2008); Powell,
63 S.W.3d at 439.  However, if the trial court determines the evidence has no
relevance apart from character conformity, then the evidence is absolutely
inadmissible, and the trial court has no discretion to admit it.  Powell,
63 S.W.3d at 439.

Appellant complains of two
instances in which evidence of his prior bad acts was admitted before the jury.
 The first instance was during the cross-examination of Officer Dustin Ray Paulsen. 
Officer Paulsen was a De Leon police officer and was involved in the investigation
of the case.  On direct examination by the State, Officer Paulsen testified
that appellant lived at 641 West Manchaca in De Leon in 2007.  Officer Paulsen
testified that appellant had lived there approximately three or four months and,
based on his investigation, that that is where the sexual assault occurred.  On
cross-examination, appellant’s counsel sought additional information from
Officer Paulsen regarding the address where appellant was living when the
assault occurred.  The dialogue is as follows:

Q. Now, you testified that [appellant]
had been living at the address on Manchaca for three to four months.

 

                        A. Yes, sir.

 

Q. How do you know that?

 

A. When he came in to
register as a sex offender I was given that address. 

 

Defense counsel asked to approach the bench
and stated that the officer was in violation of the motion in limine to not
mention any prior convictions and that his question did not require him to
answer the way he did.  The trial court disagreed and stated that the officer simply
answered the question asked.  Appellant moved for a mistrial, and the trial
court denied it.  Counsel did not request an instruction to disregard.  The
trial court later admonished the State against questioning another witness
regarding appellant’s status as a registered sex offender.

Appellant contends that
Officer Paulsen willfully violated the motion in limine in answering defense
counsel’s question. Appellant argues that, because
other evidence indicated that appellant was not registered at the address
Officer Paulsen testified but rather at a different address, Officer Paulsen
intentionally violated the motion in limine.  Appellant contends that Officer
Paulsen’s intent was to maliciously get inadmissible extraneous offense
evidence before the jury and that the trial court erred in failing to grant a
mistrial.

We disagree.  Mistrials are an extreme remedy for prejudicial events
occurring during the trial process. Bauder v. State, 921 S.W.2d 696, 698
(Tex. Crim. App. 1996). Even when a prosecutor intentionally elicits testimony
or produces other evidence before the jury that is excludable at the defendant’s
option, our law prefers that the trial continue.  Id.  A witness’s reference
to an extraneous offense only necessitates a mistrial where that reference was
clearly calculated to inflame the minds of the jury or was of such damning
character as to suggest it would be impossible to remove the harmful impression
from the jurors’ minds. Rojas v. State, 986 S.W.2d 241, 250 (Tex. Crim.
App. 1998).  There is no evidence that Officer
Paulsen’s reference to appellant being a registered sex offender was calculated
to inflame the minds of the jury. Officer
Paulsen answered the question posed by defense counsel directly and without
further elaboration.[1] 
Even if Officer Paulsen was incorrect about the dates that appellant had
registered the address, this evidence does not show that he answered with the
intent to inflame the minds of the jury.  Appellant’s specific address was not
material because the State only alleged that the offense occurred in Comanche
County.  The trial court did not err in denying
appellant’s motion for mistrial.

            The next instance that appellant
argues impermissible evidence of his prior bad acts was admitted was during the
defense’s case-in-chief.  Errin Brownlee, on direct examination by defense
counsel, testified that she was a victim of sexual assault as a child.  She
further testified that she would not allow her daughter to have “contact with
someone [she] thought was capable of doing that stuff.”  On cross-examination,
the State asked if she knew that appellant was a registered sex offender. 
Appellant moved for a mistrial.  The State argued that he had opened the door. 
The trial court denied the motion for mistrial.

            The reference to appellant’s status as a
registered sex offender was not improper. When a witness presents a picture
that the defendant is not the type of person to commit the charged offense, the
State may impeach that witness’s testimony with evidence of similar extraneous
offenses.  Wheeler v. State, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002).  In
this case, Errin’s testimony that she would not let her daughter around someone
who was capable of committing sexual assault opened the door to impeach her
testimony with her knowledge that appellant was a registered sex offender.  The
trial court did not err in allowing that testimony.

            Moreover, even if the trial court erred, appellant
did not properly preserve error in either instance.  To preserve error
in criminal cases, the defendant must (1) object (2) and, if the objection is
sustained, move for an instruction to disregard (3) and, if the instruction is
given, then move for a mistrial.  Cook v. State, 858 S.W.2d 467, 473
(Tex. Crim. App. 1993).  Appellant did not object or ask for an instruction to
disregard.  Instead, appellant immediately moved for a mistrial.  Appellant’s
error was not properly preserved.  We overrule appellant’s first issue on
appeal.

Hearing
Outside the Presence of the Jury

            Appellant
argues that Officer Paulsen knowingly and willfully violated the motion in
limine. Appellant attempted to offer evidence outside the presence of the jury showing
Officer Paulsen’s intent, but the trial court did not allow him to do so. 
Appellant then elected to present the testimony in front of the jury.  Officer
Paulsen again testified that he knew that appellant was living at 641 Manchaca
for three or four months because that was the address given when he registered as
a sex offender.  The custodian of records for the De Leon Police Department
testified that their records showed that appellant was not registered at the
Manchaca address until August 2007 and that he was not living at that address
three to four months prior to the offense.

            The
trial court did not err by not allowing appellant to offer this testimony
outside the presence of the jury.  Except for the determination of the
admissibility of a confession, a defendant is entitled to a hearing outside the
presence of the jury only when the interest of justice so requires.  Tex. R. Evid. 104.  The trial court
reviewed the records relating to appellant’s registration as a sex offender and
knew that even with this evidence it would not grant a mistrial.  As stated
above, we do not find that Officer Paulsen’s testimony was calculated to
inflame the minds of the jury or that appellant was entitled to a mistrial.  We
also do not find that the interest of justice required the trial court to allow
appellant to present this evidence again outside the presence of the jury.  Appellant
could have offered the evidence in a bill of exception.  In fact, appellant
presented a bill of exception on a different issue at the end of the trial. 
Appellant could have also filed a motion for new trial and offered the
evidence. We overrule appellant’s second issue on
appeal.

Conclusion

            We affirm the trial court’s judgment. 

 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

May 13, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Compare Alexander v. State, No. 06-06-00169-CR, 2007 WL 2262895,
*5 (Tex. App.—Texarkana Aug. 9, 2007, pet. ref’d) (mem. op., not
designated for publication) (The officer elaborated on a yes or no question
stating that he had “dealt with Mr. Alexander for years, bought dope from him
from McReynolds Street on different occasions as well as other locations.”  The
trial court held that, while the officer’s unsolicited statement was
troublesome, it was brief and isolated and, therefore, did not appear to be
clearly calculated to inflame the minds of the jury.).