**Affirmed as Modified; Opinion Filed July 5, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-11-01676-CR

**SLADJAN DESPOTOVIC, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-82470-09**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

A jury found Sladjan Despotovic guilty of murder and assessed punishment at life imprisonment. In two points of error, appellant complains (1) the judgment of conviction should be modified to reflect the correct name of the presiding judge, and (2) the trial court erroneously admitted certain photographs into evidence during the guilt/innocence phase of the trial. For the reasons that follow, we sustain appellant's first point of error, modify the judgment of the trial court, and affirm the judgment as modified.

Dusko Cijuk was found dead in his apartment with multiple stab wounds and a gunshot wound to the back of the head. Appellant was charged by indictment with the capital murder of Cijuk. At trial, the State offered into evidence various photographs of the decedent's injuries. Appellant objected to the trial court's admission of sixteen of these photographs, two taken at the crime scene and fourteen autopsy photographs. Appellant argued the photographs were

duplicative of other evidence and the cumulative effect of all the photographs was prejudicial. The trial court overruled appellant's objections and admitted the photographs into evidence. At the conclusion of the trial, the jury found appellant guilty of the lesser included offense of murder and assessed his punishment at life imprisonment. This appeal followed.

In his second point of error, appellant contends the trial court erred in admitting the sixteen photographs because their prejudicial impact greatly outweighed their probative value. Appellant argues the diagrams, autopsy report, and medical examiner's testimony received by the jury at trial adequately described the decedent's injuries. He further contends the probative value of the photos was light considering the identity of the decedent and his cause of death were not disputed.

We will not disturb a trial court's evidentiary rulings unless we determine that the trial court has abused its discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). In general, photographs are admissible if verbal testimony about the matter depicted in the photographs would be admissible and their probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, or needless presentation of cumulative evidence. *See Threadgill v. State*, 146 S.W.3d 654, 671 (Tex. Crim. App. 2004). Some factors to be considered when balancing the probative value against unfair prejudice are the number of exhibits offered, the level of detail, their gruesomeness, the size of the photographs, whether they are black and white or in color, whether they are close ups, whether the body is naked or clothed, the availability of other means of proof, and other circumstances unique to the individual case. *Davis v. State,* 313 S.W.3d 317, 331 (Tex. Crim. App. 2010). Photographs taken during an autopsy are generally admissible unless they show mutilation to the victim's body due to the autopsy itself. *Id.* The fact that photographs accompany oral testimony establishing the same facts does not render the

photographic evidence cumulative or of weak probative value. *Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999). Moreover, photographs will not be held unfairly prejudicial if they depict nothing more that the reality of the crime that was committed. *See id*.

The first crime scene photograph is a close up showing injuries to the side of the decedent's face while the other depicts the back of the decedent's body in bloody clothes from the thighs up, lying on the floor in his apartment. The autopsy photographs to which appellant objected demonstrate the various stab wounds and other injuries to the decedent's back, chest, shoulder, neck, leg, arm, and face, as well as a bullet wound at the back of the decedent's head. The photographs demonstrate the nature and extent of the decedent's injuries and the reality of the murder committed. They are no more gruesome or inflammatory than the facts of the offense and injuries themselves. Moreover, two of the photographs of which appellant complains were admitted for record purposes only.[1] Having reviewed the record, we conclude that the trial court did not abuse its discretion in determining that the probative value of the photographs was not substantially outweighed by their prejudicial effect. We overrule appellant's second point of error.

In his first point of error, appellant complains that the judgment should be modified to reflect the correct name of the presiding judge. The State agrees. The court reporter's record shows the Honorable Keith Dean presided over the proceedings. The judgment, however, identifies the Honorable John Roach, Jr. as the presiding judge. Thus, the judgment is incorrect. We therefore sustain appellant's first point of error. We modify the trial court's judgment to show the presiding judge was the Honorable Keith Dean. *See* TEX. R. APP. P. 43.2(b); *see also* *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

---

[1] Exhibits 34 and 38 were cropped photographs of exhibits 33 and 37 respectively. Exhibits 33 and 37 were admitted for record purposes only.

As modified, we affirm the trial court's judgment.



/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111676F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SLADJAN DESPOTOVIC, Appellant

No. 05-11-01676-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-82470-09.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to show the presiding judge was the Honorable Keith Dean.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE