ACCEPTED
13-14-00309-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
4/2/2015 11:26:57 AM
DORIAN RAMIREZ
CLERK

No. 13-14-00309-CR

IN THE

THIRTEENTH COURT OF APPEALS

at Corpus Christi

_____

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/2/2015 11:26:57 AM
DORIAN E. RAMIREZ
Clerk

WILLAIM DAVID PARSONS

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

_____

Appealed from Cause Number S-12-3254CR
In the 36th Judicial District Court of
San Patricio County, Texas

_____

APPELLEE'S BRIEF

_____

Michael E. Welborn
District Attorney

Samuel B. Smith, Jr.
Assistant District Attorney
Texas Bar No. 18682570
P.O. Box 1393
Sinton, Texas 78387
Tel.    (361) 364-9390
Fax     (361) 364-9490
samuel.smith@co.san-patricio.tx.us
ATTORNEY FOR APPELLEE,
THE STATE OF TEXAS

No. 13-14-00309-CR

IN THE

THIRTEENTH COURT OF APPEALS

at Corpus Christi
_____

WILLAIM DAVID PARSONS

Appellant,

v.

THE STATE OF TEXAS,

Appellee.
_____

Appealed from Cause Number S-12-3254CR
In the 36th Judicial District Court of
San Patricio County, Texas

_____

_____

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL                                iii

INDEX OF AUTHORITIES                                           iv

STATEMENT OF THE CASE                                          5

STATE'S REPLY TO APPELLANTS ISSUES                            5

STATEMENT OF FACTS                                            5,6,7,8

SUMMARY OF THE ARGUMENT AND                                   8
REPLY TO APPELLANT'S FIRST ISSUE

ARGUMENT AND AUTHORITIES ISSUE NUMBER ONE                     8,9,10

SUMMARY OF THE ARGUMENT AND                                   10
REPLY TO APPELLANT'S SECOND ISSUE

ARGUMENT AND AUTHORITIES ISSUE NUMBER TWO                     10, 11

CONCLUSION/PRAYER                                             12

CERTIFICATE OF SERVICE                                        12

CERTIFICATE OF COMPLIANCE                                     13

## IDENTITY OF PARTIES

APPELLANT:                                                William David Parsons

TRIAL JUDGE                                               Hon. Joel Johnson
                                                         Judge Presiding
                                                         36th Judicial District
                                                         400 W. Sinton Street
                                                         Sinton, Texas 78387

ATTORNEYS

TRIAL ATTORNEY FOR STATE                                 Samuel Boyd Smith, Jr.
AND APPEAL                                               Assistant District Attorney
                                                         SBOT  18682570
                                                         P.O. Box 1393
                                                         Sinton, Texas 78387
                                                         361-364-9390
                                                         samuel.smith@co.san-
                                                         patricio.tx.us

FOR THE APPELLANT AT TRIAL                               John S. Gilmore, Jr.
                                                         SBOT 07958500
                                                         622 S. Tancahua
                                                         Corpus Christi, Texas 78401
                                                         361-882-4378

                                                         Christopher Dorsey
                                                         SBOT 24036493
                                                         606 N. Carancahua
                                                         Corpus Christi, Texas 78401
                                                         361-882-9991

FOR THE APPELLANT ON APPEAL                              Richard W. Rodgers
                                                         SBOT 17191200
                                                         710 Buffalo Street Suite 202
                                                         Corpus Christi, Texas 78401
                                                         351-888-7620

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

*Manns v State, 122 S.W. 3d 171(Tex. Crim. App, 2003)*                         *9*

*Manns v State, 122 S.W. 3d 171(Tex. Crim. App, 2003)*                         *10*

*Dossett v. State, 216 S.W. 3d, 7(Tex. App – San Antonio* 2006, ( pet ref'd)    11

*Powell v State, 63 S.W. 3d, 435 (Tex. Crim. App, 2001*                         *11*

*Tienda v State, 358 S.W. 3d, 633 (Tex. Crim. App, 2012)*                       *11*


**Rules and Statutes**

Tex. Crim. Evid. 901(a)                                                         10

## STATEMENT OF CASE

William David Parsons (hereafter "Appellant") was indicted for the offense of capital murder on September 4, 2012. The offense occurred October 19, 2011. Clerk's record (hereafter "CR") Volume (hereafter "V") 1, pp. 6-7. The State did not seek the death penalty, CR, V 1, pp 105 – 110. A jury was selected May 27, 2014 and the case was tried on Appellant's pleas of not guilty. CR, V 1, pp 66, 67. Appellant testified in support of his plea of not guilty, Reporter's Record (hereafter "RR"), V. 10, pp 155-181. The jury found Appellant guilty of capital murder on May 30, 2014. CR, V. 1, pp. 85-88. The court then assessed the mandatory life without parole sentence. RR, V. 11, pp. 48, 49. Appellant gave timely notice of appeal. CR, V. 1, pp. 89, 90.

## STATE'S REPLY TO APPELLANTS ISSUES

### ISSUE NUMBER ONE

The trial court did not commit reversible error in admitting the letter and notes of the Appellant's. There is no evidence that the State and co-defendant Fuentes had entered into an agency agreement.

### ISSUE NUMBER TWO

State's Exhibit 12 was properly admitted over Appellant's objection. The trial court after hearing the evidence establishing the chain of custody of the exhibit, from the seizure of the exhibit from the Appellant to the delivery to the lab for testing, properly admitted Exhibit 12.

## STATEMENT OF FACTS

The evidence at trial concerned the killing and robbery of George Cardenas, hereafter "Cardenas." The lifeless body of Cardenas was discovered October 20, 2011 in his home in San

Patricio County, Texas. RR, V. 9, p. 15. The house had been forcibly entered. RR, V. 9, p. 16. There was evidence that Cardenas had been bludgeoned to death. RR, V. 9, pp. 17, 104. Cardenas' house had been ransacked and property taken. RR, V. 9, pp. 22, 91, 123. An informant's tip caused the investigation into the crime to focus on Appellant and Alvino Fuentes, Jr. (hereafter "Fuentes"). RR, V. 9, p. 25. Fuentes 3 eventually told the investigators that he was involved in Cardenas' death, along with Appellant. RR, V. 9, p. 28. Appellant and Fuentes were subsequently arrested. RR, V. 9, p.111. Appellant denied involvement in Cardenas' death and robbery, both during the investigation, RR, V. 9, p. 131, and at trial, RR, V. 10, pp. 148 – 152. Accomplice witness Fuentes gave crucial testimony against Appellant at trial. He testified that he and Appellant had been friends since high school. RR, V. 9, p. 189. He said that Appellant formulated a plan to rob a drug dealer in October of 2012 in San Patricio County, Texas. RR, V. 9, pp. 193, 194. They walked to the man's home. Appellant turned off the lights in the home by the outside breaker box. Fuentes lay back while Appellant approached the front door and hit the occupant with a roofing hammer and entered the home. RR, V. 9, pp. 193 - 195. Fuentes said he helped Appellant by turning the lights back on at Appellant's later command. RR, V. 9, p. 196. Fuentes said he waited outside the home until he went in to tell Appellant it was time for the two to escape. RR, V. 9, p. 198. The two then walked to a nearby bridge and split the money and drugs Appellant had gotten while in the home. RR, V. 9, p. 198. The State corroborated  Fuente's story about Appellant killing and robbing Cardenas by offering a number of written communications from Appellant to Fuentes. These communications began after Fuentes had confessed to law enforcement by telling them that he and Appellant had killed and robbed Cardenas. RR, V. 9, p. 210. The communications were written while both men were in custody after indictment and awaiting Appellant's trial. RR, V. 9, 210. The inception of the writings

6

began when Fuentes and Appellant were placed in the same cell when they were first charged with murder. They discussed the case and agreed that if they were separated, they would communicate by coded correspondence. RR, V. 9, p. 206. Both Appellant and Fuentes were represented by counsel at the time. RR, V. 9, p. 210. Fuentes testified at trial that he received a number of notes and letters from Appellant after he and Appellant were separated. Fuentes' practice was to turn the communications over to his attorney. The attorney would then give them to the prosecutor's office. RR, V. 9, p. 211. Fuentes admitted he had initiated the written communications by writing Appellant the first letter. RR, V. 9, p. 216. Fuentes said the essence of the communications was an attempt to induce him to take the blame or blame another for the crime so Appellant could go free. RR, V. 9, p. 215. Appellant objected to each item of correspondence based on a violation of his Sixth Amendment right to counsel. RR, V. 10, p. 12. The Appellant's attorneys' took Fuentes on voir dire out of the presence of the jury. RR, V. 9, pp 209 - 231. The court after hearing the proffered testimony ruled that the State did not direct the action of Fuentes and appellant's objections were overruled. RR, V. 9, pp. 230, 231. The communications, if taken at face value, strongly pointed to Appellant's guilt. Exhibit 30 was a note Appellant surreptitiously passed to Fuentes. RR, V. 10, pp. 13 – 15. In summary, it asked Fuentes to take responsibility for the crime, along with another person. Appellant said that he would financially reward Fuentes for this. Exhibit 31 was another secretly passed note. The note asked Fuentes to say he had placed a blood smear on Appellant's eyeglasses the day after the murder. (This was in connection with a DNA analysis finding that Cardenas' blood was on eyeglasses worn by Appellant at the time of the murder. RR, V. 10, p. 111.) The State's Exhibits 33, 33A, 33B, and 33C were letters delivered by U.S. Mail. Appellant again objected on Sixth Amendment grounds. RR, V. 10, p. 27. The correspondence again alluded to the perjury

7

concerning the eyeglasses, with Appellant instructing that it was to be used only if "they come back with stuff on them" i.e. the DNA evidence link. RR, V. 10, p. 29, 30, 36. The final correspondence was another letter delivered by U.S. Mail. (Exhibits 34A, 34B, 34C.) It focused on the eyeglasses and Appellant again asked Fuentes to say he placed the blood smear on the eyeglasses. RR, V. 10, p. 35. It was also admitted over objection. Another key facet of the State's case against Appellant was evidence of a DNA analysis that concluded Cardenas' blood was on eyeglasses worn by Appellant. DNA expert Morales testified she tested a blood smear from State's Exhibit 12, a pair of eyeglasses and the result showed the blood was that of Cardenas. RR, V. 10, p. 111. DNA expert Morales also testified that the results of the DNA analysis she performed on the glasses indicated that Appellant and victim Carenas could not be excluded as contributors. RR, V. 10 p. 115, lines 17 – 24. Appellant objected to the results of the test because "the State has not proven at this time that these glasses were removed from Mr. Parsons." RR, V. 10, pp. 112, 10 – 118. This objection was overruled and the eyeglasses and DNA testing results were admitted in evidence. RR, V. 10, p. 118.

## STATES REPLY TO APPELLANT'S ISSUES

### ISSUE NUMBER ONE

The trial court did not commit reversible error in admitting the letter and notes of the Appellant's. There is no evidence that the State and co-defendant Fuentes had entered into an agency agreement.

### ARGUMENT AND AUTHORITIES

"In approaching a Sixth Amendment right-to-counsel question, as with many other constitutional issues, we employ the now familiar bifurcated standard of review articulated in

*v. State*.[7] An appellate court should afford "almost total deference" to a trial court's determination of the historical facts and to its determination of mixed questions of law and fact that turn on an evaluation of credibility and demeanor.[8] Mixed questions of law and fact that do not turn on credibility and demeanor are to be reviewed *de novo."Manns v State, 122 S.W. 3d 171(Tex. Crim. App, 2003)* The trial court in this case, on Appellant's request, conducted a hearing out of the presence of the jury to determine the admissibility of the notes and letters written by the Appellant. RR, V. 9, pp. 208 – 231. The trial court determined that an agency relationship did not exist between the State and co-defendant Fuentes: : `"I don't find that this was an action on State directed action. It seems to be a defense-cut-throat action. When you swim with sharks, sometimes you get bitten"` RR, V. 9, p. 231, lines 1-3.

Appellant argues that the State "secretly elicited incriminating statements in the absence of counsel," yet offers absolutely no proof to substantiate this claim. In fact the examination conducted by the trial court of Fuentes and his counsel reveals the opposite. It clearly shows the State did not enter into an agency relationship with Fuentes and that Fuentes did this on his own initiative. RR, V. 9, pp. 208 – 231. "Undoubtedly, most inmates who provide information to law enforcement officials harbor the hope that their service will not go unrewarded. But as the court cautioned in *Lightbourne v. Dugger,* "we must not confuse speculation about [an informant's] motives for assisting the police for evidence that the police promised [the informant] consideration for his help or, otherwise, bargained for his active assistance." One might argue that merely by providing the market for information, the government violates the right to counsel, but that would be to overstate the government's role in most cases; the instinct for self-preservation is as sharply honed, if not more so, in prison as it is elsewhere. From the moment

9

that suspects are arrested, they learn (if it had not already occurred to them) that cooperation with the authorities may benefit them. That inmates realize there is a market for information about crime does not make each inmate who enters the market a government agent.[70]" *Manns v State, 122 S.W. 3d 171(Tex. Crim. App, 2003)* It should also be noted that the Appellant testified that he admitted to writing the letters and notes in an attempt to implicate his co-defendant Fuentes. RR, V. 10, pp. 173-175.

Under the facts of this case, viewed in the light most favorable to the trial court's ruling, Fuentes was not a government agent and State's Exhibits 30, 31, 33A, 33B, 33C, 34, 34A, 34B, and 34C were properly admitted.

## ISSUE NUMBER TWO

State's Exhibit 12 was properly admitted over Appellant's objection. The trial court after hearing the evidence establishing the chain of custody of the exhibit from the seizure of the exhibit from the Appellant to the delivery to the lab for testing properly admitted Exhibit 12.

## ARGUMENT AND AUTHORITIES

Rule 901(a) provides that the authentication or identification of an item for admissibility purposes is satisfied by evidence that is sufficient to support a finding that the item in question is what its proponent claims. TEX.R. EVID. 901(a)  The State provided testimony from Investigator Gaitan that the glasses were seized by a search warrant from the Appellant in the San Patricio County Jail. RR, V. 9, p. 28.  Deputy Tucker testified that he picked up State's Exhibit 12 at the jail and delivered them to Deputy Rodriguez. RR, V. 9, p. 179.  Deputy Rodriguez testified that he delivered State's Exhibit 12 to the DPS Crime Lab in Corpus Christi.

10

RR, V. 9, p. 160. Cynthia Morales, forensic scientist, testified she received State's Exhibit 12 at the crime lab in Corpus Christi. RR, V. 10 p. 111. Co-defendant Fuentes identified State's Exhibit 12 as the glasses Investigator Gaitan removed from Appellant's face in the jail and that they belonged to Appellant. RR, V. 10, pp. 22-23.

"When the trial court does not make explicit findings of historical fact, we review the evidence in a light most favorable to the court's ruling and assume the court made implicit fact findings that are supported by the record." *Dossett v. State, 216 S.W. 3d, 7(Tex. App – San Antonio* 2006, ( pet ref'd) In this case the trial court heard the testimony from the witnesses and determined that the chain of custody was established and that the glasses (Exhibit 12) were sufficiently linked to the Appellant and it was admitted .

"Because trial courts are in the best position to make the call on these substantive admissibility questions, an appellate court must review a trial court's admissibility decision under an abuse of discretion standard." *Powell v State, 63 S.W. 3d, 435 (Tex. Crim. App, 2001).* The ultimate question whether an item of evidence is what its proponent claims then becomes a question for the fact-finder—the jury, in a jury trial. In performing its Rule 104gate-keeping function, the trial court itself need not be persuaded that the proffered evidence is authentic. The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Tienda v State, 358 S.W. 3d, 633 (Tex. Crim. App, 2012)* The evidence concerning the chain of custody and authentication of State's Exhibit 12 is more than sufficient for their admissibility.

## PRAYER

The appellant has presented no grounds in his appeal which justify the relief sought.

Accordingly, Appellee respectfully prays that this Honorable court affirm the judgment of the trial court in all respects.

Respectfully submitted,

Michael Welborn
District Attorney

*/s/ Samuel B. Smith, Jr.*

Samuel B. Smith, Jr.
Assistant District Attorney
State Bar No. 18682570
P.O. Box 1393
Sinton, Texas 78387
Tel. (361) 364-9390
Fax (361) 364-9490
samuel.smith@co.san-patricio.tx.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April, 2015, a true and correct copy of the above and foregoing instrument was mailed and faxed to Richard W. Rodgers, Attorney for Appellant, 710 Buffalo St., Corpus Christi, Texas 78401and 361-888-7619.

*/s/ Samuel B. Smith, Jr.*

Samuel B. Smith, Jr.
Assistant District Attorney

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rules of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 2750.

/s/ Samuel B. Smith, Jr.

Samuel B. Smith, Jr.
Assistant District Attorney