**Affirmed as Modified; Opinion Filed July 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00845-CR

## CARLOS NAVARRO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause No. F11-59312-X

### MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

A jury convicted Carlos Navarro of aggravated sexual assault and punishment was assessed at life in prison. In two related issues, Navarro argues the trial court abused its discretion by overruling his objection to certain extraneous offense evidence offered by the State.[1] We modify the trial court's judgment, and affirm as modified.

### BACKGROUND

Appellant had an "on-again, off-again relationship" with J.T. They had one son together, eighteen-month-old N.N. On August 17, 2011, appellant called J.T. While they were on the telephone, J.T. told appellant she planned to visit a friend that day, but did not have

---

[1] The State notes in its brief: "While the record does not indicate that a pseudonym was required under Tex. Code Crim. Proc. art. 57.02, because J.T. was a sexual-assault victim, the State respectfully declines to use her full name. . . ." For the same reason, we use the complainant's initials.

transportation. Later that day, a man arrived at J.T.'s house to pick her up. Believing the man was her friend's cousin, J.T. and N.N. got into the man's car. However, instead of taking J.T. to meet her friend, the man drove J.T. and N.N. to appellant's apartment and they went inside.

After the driver left, appellant began to accuse J.T. of cheating on him. Appellant repeatedly struck J.T. in the face, and threatened her with a knife and a towel rack he pulled from the bathroom wall. Over the course of several days, appellant repeatedly sexually assaulted J.T., forcefully penetrating her vagina multiple times with his penis and once with a Pine-Sol bottle. Appellant choked J.T. and bound her arms and ankles with duct tape. He also covered her mouth with duct tape and she struggled to breathe because her nose was broken. At one point, appellant dragged J.T. into the bedroom where he "stomped" on her in front of their son and threw a radio at her. He told her she was going to die. Appellant ordered J.T. to untangle herself from the tape and give N.N. a bath. As J.T. was in the tub with N.N., appellant entered the bathroom and urinated on J.T.'s face and chest. Throughout the five day episode, appellant smoked crack cocaine and forced J.T. to smoke it as well. On August 22, while appellant was asleep on the couch, J.T. and N.N. escaped from appellant's apartment.

At trial, the court heard testimony from J.T. outside the presence of the jury. J.T. testified that during the ordeal, appellant compelled J.T. to prostitute herself because he needed money to purchase drugs. He took her outside dressed only a t-shirt, and brought her back inside when he was unable to find a customer. Appellant's attorney objected to the testimony on the grounds the prostitution was an extraneous offense and the State did not provide notice it planned to use the offense in its case-in-chief. The trial court overruled the objection and allowed J.T. to testify about the incident in front of the jury.

**A.      Same Transaction Contextual Evidence**

In his second issue, appellant asserts that the trial court improperly admitted evidence of an extraneous offense under rule 404(b). *See* TEX. R. EVID. 404(b). Specifically, appellant complains the trial court permitted the State to introduce evidence that he compelled J.T. to prostitute herself for money so he could purchase drugs. The State counters that the testimony was admissible as same transaction contextual evidence. We agree with the State.

We review a trial court's decision to admit or exclude extraneous offense evidence for an abuse of discretion. *Prible v. State,* 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). The trial court does not abuse its discretion if its ruling is within the zone of reasonable disagreement. *Id.* A trial court generally acts within its discretion when it admits 404(b) evidence if there is evidence showing the extraneous offense is relevant to a "noncharacter conformity fact of consequence in the case." *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).

Generally, rule 404(b) precludes the admission of character evidence describing "other crimes, wrongs or acts" offered to prove that a defendant acted in conformity therewith. TEX. R. EVID. 404(b). However, some extraneous offense evidence may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake of accident. *Id.* Extraneous offense evidence may also be admissible as same transaction contextual evidence, where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction." *Wyatt v. State,* 23 S.W.3d 18, 25 (Tex. Crim. App. 2000). Same transaction contextual evidence results when a matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case incomplete or difficult to understand. *Prible,* 175 S.W.3d at 731-32. In those situations, the jury is entitled to know all relevant surrounding facts and

circumstances of the charged offense; "an offense is not tried in a vacuum." *Id.* at 732. Same-transaction contextual evidence is admissible under rule 404(b) "only to the extent that it is necessary to the jury's understanding of the offense." *Wyatt,* 23 S.W.3d at 25.

Appellant was charged with aggravated sexual assault. The State was required to prove, among other things, appellant acted intentionally or knowingly, lack of consent from J.T., and that, by acts or words, appellant placed J.T. in fear that death, serious bodily injury, or that kidnapping would be imminently inflicted upon her. *See* TEX. PENAL CODE § 22.021. To establish these elements, the State presented evidence of other bad acts committed in the course of the same criminal episode. The record shows appellant subjected J.T. to an uninterrupted series of abusive acts over a five-day period in which he held her in captivity, including the charged offense of aggravated sexual assault and the complained-of extraneous conduct of compelling J.T. to prostitute herself. Inextricably intertwined, appellant's acts form a single and indivisible criminal episode.

Appellant's primary defensive theory at trial centered on J.T.'s lack of credibility; he suggested she was not held against her will and the sexual conduct was consensual. To rebut this, the State was entitled to present a coherent and complete narration of the all the circumstances surrounding J.T.'s five day ordeal, including appellant's attempt to force her into an act of prostitution. From the prostitution incident, the jury could infer appellant's conduct was both knowing and intentional, and the jury could determine whether J.T. consented to appellant's actions. Appellant's need for additional money to purchase drugs corroborated J.T.'s assertion that appellant was abusing crack cocaine during the episode. Finally, appellant's attempt to force J.T. into an act of prostitution was relevant to whether appellant placed J.T in fear of death, serious bodily injury or kidnapping. Because appellant's extraneous conduct was so factually intertwined with the charged criminal conduct, and the jury  is entitled to relevant

–4–

surrounding facts of the charged offense, we conclude that the trial court did not abuse its discretion by admitting the evidence as same transaction contextual evidence. We overrule Navarro's second issue.

## B.    Reasonable Notice

In his first issue, Navarro argues the trial court abused its discretion by overruling his objection to the evidence that he compelled J.T. to prostitute herself because the State did not provide Navarro reasonable notice it planned to use evidence of the extraneous offense in its case-in-chief, rendering it inadmissible under rule 404(b). Because we have already determined the evidence is same transaction contextual evidence, which is excepted from the notice requirement of rule 404(b), notice was not required from the State. *See* TEX. R. EVID. 404(b). We overrule Navarro's first issue.

## C.    Modification of Judgment

The rules of appellate procedure allow this Court to modify judgments to correct typographical errors and make the record speak the truth. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Navarro was convicted of aggravated sexual assault, which is prescribed by section 22.021 of the penal code. *See* TEX. PENAL CODE §§ 22.021. However, the judgment incorrectly lists the statute of offense as penal code section 22.011. *See id.* § 22.011 (sexual assault). We modify the judgment to correctly reflect that the statute of offense is section 22.021 of the penal code.

## CONCLUSION

We reform the trial court's judgment to reflect the correct offense, and affirm the judgment as modified.

 / Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130845F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS NAVARRO, Appellant

No. 05-13-00845-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F11-59312-X.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Statute for Offense" to show 22.021 Penal Code.

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered this 1st day of July, 2015.