

## NUMBER 13-15-00228-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MANUEL FUENTES JR.,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 24th District Court
### of Calhoun County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Perkes and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Manuel Fuentes Jr. appeals his conviction for murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(c) (West, Westlaw through 2015 R.S.). After a jury found appellant guilty, the trial court sentenced him to twenty years' imprisonment with the Texas Department of Criminal Justice—Institutional Division. By

a single issue, appellant claims the trial court erred by allowing the State to introduce "gory" photographic exhibits in violation of Texas Rule of Evidence 403. We affirm.

## I.    BACKGROUND

Appellant's son, Pedro Fuentes, awoke in the middle of the night to see his father holding a bloody kitchen knife. Appellant told Pedro that he stabbed their housemate, Juan Soto. Pedro saw Soto crawling across the living room floor and called 911. Responding officers found appellant sitting in the apartment laughing, smiling, and mumbling with blood on his feet and hands. When EMS arrived at the apartment, Soto was dead. Officers recovered a bloody kitchen knife from the refrigerator.

Soto's autopsy revealed blunt force injuries and stab wounds to his abdomen and left wrist. The stab wound through the abdomen penetrated the liver and caused Soto's death. Soto's blood was found on the shorts that appellant was wearing on the night of murder, as well as the kitchen knife recovered from the apartment.

During the guilt-innocence phase of the trial, the State introduced photographs of the apartment, photographs of Soto, and photographs of Soto's autopsy. Appellant objected to five of the photographs—State's exhibits 83 through 87—on grounds that the photographs were more prejudicial than probative. The trial court overruled appellant's objection. After the jury convicted appellant, this appeal ensued.

## II.    DISCUSSION

By his sole issue, appellant contends the trial court erred by allowing the State to introduce the five photographs. Specifically, appellant argues that the trial court failed to engage in the proper balancing of relevancy versus the prejudicial effect of the State's

2

exhibits 83–87, and that the inflammatory nature of the "gory pictures" served only to prejudice him.

## A.    Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion.   *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001)); *see also Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007) (admissibility of photograph is within sound discretion of trial judge).   We will not reverse the trial court's ruling unless the ruling falls outside the zone of reasonable disagreement.   *Torres*, 71 S.W.3d at 760; *see also Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree").   In applying the abuse of discretion standard, we may not reverse a trial court's admissibility decision solely because we disagree with it.   *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).   We will not disturb a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling.   *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Rule 403 allows for the exclusion of otherwise relevant evidence when its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."   *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006) (citing TEX. R. EVID. 403).   Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than

3

prejudicial. *Id.* A Rule 403 review includes the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). In the context of the admission of photographs, we consider the following additional factors: the number of the photographs, the size, whether they are in color or are black and white, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered by autopsy. *Id.* In evaluating the need for the evidence, we must consider: (1) whether the proponent of the photographs has other available evidence to establish the fact of consequence that the photograph is relevant to show; (2) the strength of the other evidence; and (3) whether the fact of consequence is related to an issue that is in dispute. *Erazo*, 144 S.W.3d at 495–96.

## B. Analysis

The State's exhibits 83–87 are color autopsy photographs depicting the wounds that Soto received to his abdomen and internal organs. The pictures are close-up views and do not show Soto's face or any part of his body other than the relevant organs and respective wounds.

With respect to appellant's first argument, that the trial court failed to conduct a rule 403 balancing test before admitting the photographs, we note the trial court is not required to conduct an on-the-record rule 403 factor analysis. As our sister court held:

> There is no requirement that the trial court announce for the record that it has conducted and completed the balancing test in its own mind. The fact that a trial judge made a proper balancing test can be implied from the record. While the record does not contain a direct discussion by the court

4

of its balancing, we presume the court did perform the mandatory balancing test.

*Nolen v. State*, 872 S.W.2d 807, 812 (Tex. App.—Fort Worth 1994, pet. denied). Based on the record before us, we presume the trial court performed the mandatory rule 403 balancing test. *See* TEX. R. EVID. 403; see also *Nolen,* 872 S.W.2d at 812.

Examining the probative nature of the photographs, we hold that they are probative of a material issue in the case; i.e., the injury to the liver and the spleen, the manner in which the knife entered the body, and the cause of death from the knife wound. They accurately portray what the medical examiner described in her testimony, and added a logical and helpful demonstration for the jury. The photographs show only the injuries that Soto received and are no more gruesome than should be expected from an autopsy.

Furthermore, the photographs were unlikely to impress the jury in some irrational yet indelible way. The five autopsy photographs were but a small fraction of the photographs that were admitted into evidence. The other photographs depicted the crime scene, murder weapon, and Soto's body after he was killed. Given the technical nature of the disputed photographs, they were unlikely to appeal to the jury's emotions. Additionally, the State needed little time to develop this evidence. The photographs were admitted as part of the State's larger collection of photographic evidence.

Finally, in reviewing the State's need for the photographic evidence, we note that the State offered Dr. Kathryn Callahan, M.D., the forensic pathologist who conducted the autopsy, to establish Soto's cause of death. She described the various lobes of the liver and explained that Soto suffered from significant internal bleeding as a result of the stab wound. Appellant's defensive theory was self-defense. Although Dr. Callahan did not

5

testify regarding the circumstances of Soto's abdominal wound, the jury could reasonably consider the nature of Soto's wound in determining whether appellant or Soto was the aggressor. Therefore, the photographs are more than needlessly cumulative evidence.

Based on a rule the 403 analysis factors, we conclude that the trial court did not abuse its discretion by finding that the probative value of the photographs was not outweighed by the danger of unfair prejudice. *See Erazo*, 144 S.W.3d at 495–96; TEX. R. EVID. 403. Appellant's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of October, 2016.